TREMONT AND SUFFOLK MILLS *vs.* CITY OF LOWELL.

Middlesex.   January 17, 1896. — February 26, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Abatement of Tax — Interest — Statute.*

The St. 1895, c. 75, enacting that "in every judgment which shall hereafter be rendered for the amount of an abatement of taxes made under the provisions of" St. 1890, c. 127, "there shall be included all charges and also interest on the amount of the abatement made from the date of the payment of the tax," applies to cases pending when it took effect.

PETITION to the Superior Court, under St. 1890, c. 127, for a reduction of the valuation of the petitioner's property in Lowell, and an abatement of the tax assessed thereon. After the former decision, reported 163 Mass. 283, the case was heard in the Superior Court, before *Richardson,* J., upon the petitioner's motion for interest on the amount of the abatement; and from the ruling and order of the court in favor of the petitioner the respondent appealed, and also alleged exceptions. The facts appear in the opinion.

F. W. *Qua,* for the respondent.

F. E. *Dunbar,* for the petitioner.

BARKER, J.   Upon the hearing of this cause in the Superior Court, it was found that the petitioner's estate was overvalued by the assessors, an abatement was granted to the amount of $5,169.57, and an order for judgment for that amount was, on June 2, 1893, ordered to be entered.   Judgment was not in fact entered because of the respondent's exceptions, which on March 2, 1895, were overruled by this court in the decision reported 163 Mass. 283.   The petition is maintained under St. 1890, c. 127.   While the respondent's exceptions were pending in this court, on February 26, 1895, the St. 1895, c. 75, went into effect, providing that, in every judgment which should be thereafter rendered under the provisions of St. 1890, c. 127, all charges should be included, and also interest on the amount of the abatement made from the date of the payment of the tax. After the overruling of the exceptions, the petitioner in asking for judgment moved for interest from the day of the payment of the tax upon the amount of the abatement granted, and such interest was allowed by the Superior Court, and judgment was ordered to be entered for the petitioner as of July 5, 1895, for $6,942.82, the amount of the abatement granted and such interest.   From the order that judgment should be so entered the respondent appealed, and to the ruling allowing interest it excepted.

In our opinion the exceptions must be overruled, and the judgment affirmed.   The only question argued by the respondent is as to the meaning of St. 1895, c. 75.   The respondent contends that it should be construed as applying only to judgments upon petitions instituted after its passage.   The plain answer to this contention is that the explicit language of the statute is that such interest shall be included " in every judgment which shall hereafter be rendered for the amount of an abatement of taxes made under the provisions of chapter one hundred and twenty-seven of the acts of the year eighteen hundred and ninety."   If the Legislature had intended the provision to apply, not to every judgment for the amount of an abatement rendered after February 26, 1895, but only to judgments upon petitions for abatement brought after that date, it would have said so.   As the only parties against whom such judgments can be rendered are municipal corporations, no question of vested

rights arises, and no contention is made by the respondent that it was not within the power of the Legislature to enact that interest should be allowed in pending cases.

*Exceptions overruled, and judgment affirmed.*