CENTRAL NATIONAL BANK *vs.* CITY OF LYNN.

Essex.    January 2, 1929. — January 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Law of the Case.    Tax*, Abatement.    *Waiver.    Practice, Civil*, Complaint for abatement of tax, Exceptions.

An action of contract by a national bank against a city to recover taxes alleged to have been exacted illegally was heard without a jury by a judge of the Superior Court, who refused to rule that the plaintiff could not recover and found for the plaintiff.    Upon exceptions by the defendant, this court, in *Central National Bank* v. *Lynn*, 259 Mass. 1, decided that the ruling requested should have been given, and a rescript was ordered stating, "Defendant's exceptions sustained." The action thereafter was heard without a jury by another judge of the Superior Court.    A bill of exceptions, presented to this court by the plaintiff after the judge at such hearing had ruled that the plaintiff could not maintain the action and had found for the defendant, contained statements that "No new question has been raised since the first trial of the case.    To carry up the Federal question raised, retrial was deemed necessary, because of the fact that under the

terms of the rescript . . . there could be no final judgment without rehearing. The Federal question now raised is precisely the same as that raised at the first hearing; in fact, all questions raised at the first hearing, and by the exceptions sustained . . . are now raised." *Held,* that the grounds for the previous decision by this court were decisive, and were affirmed and adopted by this court without repetition or summarization as the grounds of the present decision; and the exceptions were overruled.

CONTRACT to recover taxes alleged to have been exacted illegally. Writ dated November 21, 1921.

The action previously was before this court upon exceptions saved by the defendant at a hearing without a jury in the Superior Court by *Quinn,* J., who refused to rule that the plaintiff could not recover and found for the plaintiff. By a decision reported in 259 Mass. 1, this court decided that the ruling requested by the defendant should have been given, and ordered a rescript stating, "Defendant's exceptions sustained."

The action thereafter was heard by *Lummus,* J., without a jury. The judge refused certain rulings requested by the plaintiff, ruled that the plaintiff could not maintain the action, and found for the defendant. The plaintiff alleged exceptions. Certain statements contained in the bill of exceptions are quoted in the opinion.

The case was submitted on briefs.

*H. R. Mayo,* for the plaintiff.

*S. H. Hollis,* for the defendant.

RUGG, C.J. This is an action of contract brought to recover the tax assessed upon shares of stock in the plaintiff bank for the year 1921. It is stated in the plaintiff's bill of exceptions that "Exceptions taken by the defendant to the rulings" of the judge at a previous trial "were argued before the Supreme Judicial Court, and said exceptions were sustained. The opinion of that court is reported in" 259 Mass. 1, "and is incorporated into this bill of exceptions by reference. No new question has been raised since the first trial of the case. To carry up the Federal question raised, retrial was deemed necessary, because of the fact that under the terms of the rescript of the Supreme Judicial Court there could be no final judgment without rehearing. The Federal

question now raised is precisely the same as that raised at the first hearing; in fact, all questions raised at the first hearing, and by the exceptions sustained by the Supreme Judicial Court in its said opinion, are now raised."

Every question raised upon the record when the case was here before was discussed at large in the opinion then given. No argument has been addressed to us now not then considered and dealt with. The ground of the earlier decision was that, although the plaintiff might recover in this form of action a tax paid which was wholly illegal, this tax was not wholly illegal but merely excessive, and that full and complete remedy was afforded to the petitioner for every wrong of this nature by proceedings for abatement of the tax. The plaintiff now calls to our attention two decisions rendered by the Supreme Court of the United States since our earlier decision, *First National Bank of Hartford* v. *Hartford*, 273 U. S. 548, and *Minnesota v. First National Bank of St. Paul*, 273 U. S. 561. The principles declared by those decisions were fully recognized in our earlier opinion. Of course we are bound by those decisions and the principles there declared. We endeavored to follow them implicitly and demonstrate that they were not applicable to the facts here disclosed in view of the statutes and law of this Commonwealth which by a different procedure provide ample redress for the wrong complained of. We thought and still think that the plaintiff has mistaken its remedy and that it would have been afforded complete remedy for all the over-assessment alleged by proceedings for abatement. *Burrill* v. *Locomobile Co.* 258 U. S. 34. *First National Bank of Greeley* v. *Weld County*, 264 U. S. 450, 455. The plaintiff failed to comply with the imperative prerequisites of the statutes of this Commonwealth in order to secure an abatement. Hence its petition for abatement, considered with its case in 259 Mass. 1, was necessarily dismissed.

It is unnecessary to repeat or to summarize the reasons for the decision rendered when the case was here before. They are here adopted and affirmed as the basis of the present decision. On the authority of that case the result must be

*Exceptions overruled.*