BOSTON AND ALBANY RAILROAD COMPANY *vs.* CITY OF
BOSTON.

Suffolk.    November 6, 1930. — March 31, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Tax*, List, Abatement.  *Statute*, Revision.

The provisions of G. L. c. 59, § 29, do not require an inhabitant of a city, who owns no personal property not exempt from taxation, to file with the assessors a list of his real property when not so required by the notice from the assessors.

One owning several parcels of real estate and no personal property not exempt from taxation in a city, the assessors of taxes of which, in the notice given under G. L. c. 59, § 29, requiring the filing of the list therein described, did not require that such list include real estate subject to taxation, was not debarred under § 61 of the statute from seeking an abatement of a tax on a parcel of his real estate by a failure to file with the assessors any list under said § 29.

If such taxpayer, accompanying an application for abatement of a tax assessed upon one of the several parcels of real estate owned by him, in good faith files a statement giving the ward, street location and page number in the books of the assessors where that parcel is described, together with the number of square feet of land, a description of buildings thereon and an estimate of the fair cash value of the land and of the several buildings, he has complied with the requirements of G. L. c. 59, § 61: that statute does not require him to include a description of all his real estate in such statement.

Mere verbal variations in the reënactment and revision of a statute do not work any modification of meaning, unless the phraseology is so different as to manifest an unmistakable design to that end.

COMPLAINT, filed on May 23, 1930, for the abatement of a tax on real estate.

The respondent demurred.  The demurrer was heard by *Gray*, J., who overruled it and under G. L. c. 231, § 111, reported his ruling for determination by this court.

*W. L. Parsons*, for the complainant.

*J. P. Lyons*, Assistant Corporation Counsel, for the respondent.

RUGG, C.J.  This is a complaint by way of appeal from a refusal by the assessors of the defendant to abate a tax

assessed as of April 1, 1927, on a single parcel of real estate with the buildings thereon. G. L. c. 59, § 65. It is alleged that the complainant on April 1, 1927, owned fifty-six parcels of taxable real estate situated in six different wards in Boston, and that the assessors for purposes of taxation made separate valuations on each of these parcels; that the tax assessed on the particular parcel in issue was excessive and disproportionate but has been paid under protest, and within the time allowed by law the complainant applied to the assessors for an abatement; that, in the notice issued by the assessors to bring in a true list of all polls and personal estate not exempt from taxation, taxpayers were not required to file any list of real estate and that the complainant did not own or possess any personal estate not exempt from taxation in Boston, but did file with the assessors with its application for abatement a statement intended by it to be a list of the real estate on which the abatement was sought with its estimate of the fair cash value thereof duly verified; that its application and statement intended as a list and estimate were on a printed form furnished by the assessors; that the application for abatement was denied and within the statutory time after notice thereof the present complaint was filed.

The respondent demurred to the complaint on the grounds in substance that the complainant is not entitled to abatement (1) because there is no allegation that a list was filed as required by G. L. c. 59, § 29, and (2) because the allegations show that no proper list of its real estate was filed as required by G. L. c. 59, § 61.

The facts stated in the bill of complaint must be taken as true.

1. The relevant provisions of § 29 are: "Assessors before making an assessment shall give seasonable notice thereof to all persons subject to taxation in their respective towns. Such notice . . . shall require the said persons to bring in to the assessors . . . a true list, containing the items required by the commissioner in the form prescribed by him . . . of all their polls and personal estate not exempt from taxation . . . and may or may not require such list to include their real estate subject to taxation in that town

. . . ." The notice of the assessors did not require that the list include real estate subject to taxation. The complainant had no personal estate not exempt from taxation. As matter of law it had no polls. G. L. c. 59, § 1. It is provided by § 61 that a person shall not have an abatement "unless he has brought in to the assessors the list of his estate as required" by § 29. The words of § 29 do not expressly require the inclusion in the list of personal estate exempt from taxation or of real estate subject to taxation when not so required by the notice of the assessors. They indicate a contrary purpose. The precise question on this branch of the case is whether the complainant, having no personal estate to be listed, and not being required to list its real estate, was nevertheless required by the statute to file a paper stating these facts as a necessary prerequisite to seeking an abatement. Such filing would be not a list of property subject to taxation but the negation of ownership of all such property. It would be an idle form to file such a paper. For reasons of policy the Legislature might require the filing even by taxpayers in the situation of the complainant of a negative statement in the nature of a list touching estate subject to taxation by the use of apt words; but, in the absence of statutory language of unequivocal import, it is not to be presumed that the Legislature intended to require the doing of an act of no practical significance. The words of the statute do not enjoin the filing of such negative statement in the circumstances here disclosed. Plainly the real estate would be properly omitted by the terms of the notice from any list or statement otherwise required to be filed. The taxpayer need file a list only of his personal estate not exempt from taxation. If he has no such property, the implication is that no list is required.

The cases upon which the respondent relies arose under different statutes with respect to dissimilar facts and are not applicable to the case at bar. In *Charlestown* v. *County Commissioners*, 101 Mass. 87, there was an interpretation of Gen. Sts. c. 11, §§ 22, 46. It thereby was required that the taxpayers bring in lists of all their "estates, both real and personal, not exempted from taxation," and that no person

should have an abatement unless he had filed with the assessors "a list subscribed by him of his estate liable to taxation." Subsequent to the decision of that case and that of *Newburyport* v. *County Commissioners,* 12 Met. 211, the statute was changed in the important particular that real estate need not be included in the list unless called for by the notice of the assessors. St. 1877, c. 160, § 1, now embodied in G. L. c. 59, § 29. The taxpayer in the Charlestown case had real estate subject to taxation. It was held that, in order to have abatement on either real or personal estate, the list must be filed. The statute then under consideration was peremptory in terms. It admitted no variations. The present statute is different. The complainant is seeking no abatement of tax on personal estate because none was assessed. It had no personal estate subject to taxation. The question whether, if the complainant had personal estate subject to taxation and had filed no list, it could maintain a complaint for abatement of its tax on real estate, is not before us on this record and no opinion is expressed on that point. A complainant, who has filed a list of personal estate alone and who has failed to file a list of its real estate although required to do so by the notice of the assessors, may apply for abatement of tax on personal estate. *Taber Mill* v. *Board of Assessors,* 261 Mass. 432.

We are of opinion that the complainant is not debarred from seeking abatement of a tax on its real estate by failure to file any list under § 29 in the circumstances disclosed on this record.

There is nothing inconsistent with this conclusion in *Central National Bank* v. *Lynn,* 259 Mass. 1, 4, and *Tremont & Suffolk Mills* v. *Lowell,* 271 Mass. 1, where the facts were essentially different from those in the case at bar.

2. The allegations of the complaint are in effect that, in filing the statement of its real estate accompanying its application for abatement, the complainant acted in good faith. In any event, it is to be presumed in the absence of proof to the contrary that the complainant acted in good faith. *Ayers* v. *Farwell,* 196 Mass. 349, 353. *Adams* v. *Whitmore,* 245 Mass. 65, 68. *Patterson* v. *Pendexter,* 259

Mass. 490, 494. That statement contained reference only to the real estate on which the abatement was sought. Touching that parcel of real estate, it gave the ward, street location and page number in the books of the assessors, where it was described. It gave also the number of square feet of land, a description of the several buildings and an estimate of the fair cash value of the land and of the several buildings. So far as concerned that particular real estate, the statement complied with every requirement of a list. *Boston Rubber Shoe Co.* v. *Malden*, 216 Mass. 508, 510–511, and cases reviewed. *Conners* v. *Lowell*, 209 Mass. 111, 120–121. That list need not be upon the form prescribed by the commissioner of corporations and taxation. That form is necessary for lists under G. L. c. 59, § 29, as is specified in G. L. c. 58, § 5. The list of real estate essential under G. L. c. 59, § 61, relates to a different matter and does not fall under all the provisions of § 29.

It is provided by G. L. c. 59, § 61, that, if an applicant for an abatement was not required by the notice of the assessors to include his real estate in the list and has not done so, "he shall, if he seeks an abatement of the tax on his real estate, file with his application a list of his real estate, with an estimate of the fair cash value of each parcel." It is contended that thereby such applicant must include all his real estate in such list and not merely the parcel or parcels on which abatement is sought. The essential parts of § 61, just quoted, were first enacted in St. 1877, c. 160, § 1, in these words: "The assessors of any city or town, in giving the notice," for bringing in lists of taxable estate "may or may not require the inhabitants thereof to include real estate in their lists of property subject to taxation. Unless such requirement is made in said notice, the omission of real estate from the list . . . shall not deprive the owner of such real estate of his right to an abatement of the tax thereon: *provided*, he shall file, with his application to the assessors for abatement, a list of the real estate on which the same is claimed, with his estimate of the fair cash value of each parcel thereof . . . ." The words of the statute as thus enacted required not a list of all the real estate owned

by the taxpayer, but only of the parcel or parcels on which the abatement was sought. That statute was embodied in the same words in substance in Pub. Sts. c. 11, § 38. It was reënacted in substantially its present form in R. L. c. 12, § 74. No indication is to be found of a purpose to alter the meaning of the statute by this change in words. The report of the commissioners makes no special reference to the section. It is a familiar principle of statutory construction that mere verbal variations in the reënactment and revision of statutes do not work any modification of meaning, unless the phraseology is so different as to manifest an unmistakable design to that end. We are of opinion that the changes here wrought were only verbal and import no substituted signification but rather a continuation of the same meaning. *See* v. *Building Commissioner of Springfield,* 246 Mass. 340, 344. *Boston & Maine Railroad* v. *Billerica,* 262 Mass. 439, 449.

This interpretation is supported by reason. An owner of several parcels of land, who seeks abatement of a tax on a particular parcel, makes out his case by proving excessive valuation on that particular parcel and thereby the inquiry is not opened whether his other parcels have been assessed at less than their fair market value. *Massachusetts General Hospital* v. *Belmont,* 238 Mass. 396, 403. It would be vain to require the filing of a list of all real estate with a petition for abatement on a single parcel. Cases like *Sears* v. *Nahant,* 205 Mass. 558, and *Sears* v. *Nahant,* 221 Mass. 437, are distinguishable because they relate to personal property alone and the complainants therein had personal property subject to taxation and filed no list.

*Order overruling demurrer affirmed.*