CHARLES S. WYNN *vs.* BOARD OF ASSESSORS OF THE CITY OF
BOSTON.

Suffolk.    March 8, 1932. — December 13, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, FIELD, DONAHUE, &
LUMMUS, JJ.

*Tax*, Abatement.   *Statute*, Construction.

The provisions, in statutes regulating the abatement of taxes, requiring
the filing by the taxpayers of lists of personal property, relate to the
remedy provided by those statutes and not to the substantive rights
of the taxpayers.

Statutes ordinarily are interpreted as prospective in operation unless an
intention that they shall operate retroactively clearly appears.

A statute dealing with a remedy is prospective within the principle above
stated when it is applied to causes of action existing or actions pend-
ing at the time it took effect if the time for its application had not
then expired, unless such application, although in form affecting the
remedy only, in reality materially affects substantive rights pre-
viously acquired.    Per FIELD, J.

Such statutes are liberally interpreted in order to effectuate their pur-
poses.

The time for the application of St. 1931, c. 150, § 3, amending G. L. c. 59,
§ 64, to proceedings for the abatement of a tax on real estate for 1930
had not expired when said § 3 took effect on March 31, 1931, nor
had the taxpayer's rights then been finally adjudicated under the
statutes in force previous thereto: there then was time for the tax-
payer to bring himself within the terms of said § 3 by filing an appli-
cation for abatement including "a sufficient description of the par-
ticular real estate," if he had not already done so.

Said § 3 applied in proceedings for the abatement of a tax on real estate
for 1930, where the application for abatement was made to the asses-
sors on April 1, 1931, the taxpayer had not filed any list of personal
property owned by him on April 1, 1930, and the time for filing such
a list had expired previous to March 31, 1931.

APPEAL, filed by a taxpayer in the Supreme Judicial Court
for the county of Suffolk on January 13, 1932, from a decision
by the Board of Tax Appeals denying his petition for abate-
ment of a tax.

The case was argued at the bar in March, 1932, before
*Rugg*, C.J., *Crosby, Sanderson*, & *Field*, JJ., and after the

death of *Sanderson, J.,* was submitted on briefs to all the Justices.

*H. Stockton, Jr.,* for the taxpayer.

*C. E. Fay,* Assistant Corporation Counsel, for the board of assessors.

FIELD, J.   This is an appeal by a taxpayer from a decision of the Board of Tax Appeals refusing an abatement of a tax for the year 1930 on real estate in the city of Boston.   The tax was assessed upon a valuation of $60,000.   The board found, if material, that the real estate was overvalued to the amount of $25,000 and that if the taxpayer was entitled to an abatement the amount thereof would be $770, but decided that he was not so entitled because he had not filed a list of his personal property.   Whether this decision was correct is the only question for our consideration.

The tax was paid September 29, 1930.   Application for abatement was made April 1, 1931.   As more than four months passed without a decision by the assessors the application was deemed to be denied.   G. L. (Ter. Ed.) c. 58A, § 6.   The taxpayer appealed to the board August 13, 1931.

The taxpayer has filed no list of personal property.   There was no evidence that the notice required by G. L. (Ter. Ed.) c. 59, § 29, was given by the assessors or that the taxpayer on April 1, 1930, owned any taxable personal property in Boston.   It is not contended that the application for abatement did not include "a sufficient description of the particular real estate as to which an abatement is requested."   G. L. (Ter. Ed.) c. 59, §§ 61, 64, 65.

G. L. (Ter. Ed.) c. 59, § 64, authorizes appeals to county commissioners from the refusal of assessors to abate taxes and provides that "A tax or assessment upon real estate may be abated whether or not a list of property was brought in within the time specified by the notice required by section twenty-nine; provided, that the application for an abatement of such a tax or assessment included a sufficient description of the particular real estate as to which an abatement is requested," and said § 65 authorizes appeals to the Board of Tax Appeals, subject to the same conditions. The provision quoted was placed in the statute by St. 1931,

c. 150, § 3, amending G. L. c. 59, § 64, and taking effect
March 31, 1931. Before this amendment G. L. c. 59, § 64,
provided that "If the list required to be brought in to the
assessors was not brought in within the time specified in
the notice required by section twenty-nine, the tax shall
not be abated unless the appellate board finds good cause
for the delay or unless the assessors have so found as pro-
vided in section sixty-one." A like change with respect
to abatements by assessors was made in G. L. c. 59, § 61,
by St. 1931, c. 150, § 2. No express statutory provision
kept alive the statutes in force before March 31, 1931, as
applied to any class of cases.

If the amendment made by St. 1931, c. 150, § 3, is appli-
cable to the present case, the taxpayer is entitled to the
abatement. In our opinion the amendment is applicable
thereto.

We assume, in favor of the assessors, if material, that
they gave the notice to bring in lists of personal property
required by said § 29, that the time therein specified expired
before the amendment took effect, and that the taxpayer
on April 1, 1930, owned personal property taxable in Boston.
See *Winnisimmet Co.* v. *Chelsea*, 6 Cush. 477, 483–484;
*Masonic Education & Charity Trust* v. *Boston*, 201 Mass.
320, 326. The amendment of the section dealing with
abatements by the appellate board, as well as that dealing
with abatements by the assessors, was in force not only
when the appeal was taken to the Board of Tax Appeals,
but also when the application for abatement was made to
the assessors. Consequently the effect of a change in the
statute after an abatement had been refused by the assessors
need not be considered. Compare *Otis Co.* v. *Ware*, 8 Gray,
509, 510. The narrow question for decision is whether the
change in the statute applies to an application for an abate-
ment made after its effective date, though the time for filing
lists had expired before that date.

Sections 61 and 64 of G. L. c. 59, both before and after
amendment by St. 1931, c. 150, §§ 2 and 3, are in form
procedural. They do not purport to affect the substantive
right of the taxpayer to be assessed upon "a fair cash valua-

tion" of his taxable property (G. L. [Ter. Ed.] c. 59, § 38), but purport merely to prescribe the conditions under which an abatement may be granted if he is found to be "taxed at more than his just proportion, or upon an assessment of any of his property in excess of its fair cash value." G. L. (Ter. Ed.) c. 59, § 59. See *Lowell* v. *County Commissioners*, 152 Mass. 372, 375. Lists which, under G. L. (Ter. Ed.) c. 59, § 29, assessors may or must by notice require taxpayers to bring in are for the assistance of the assessors in performing their duties (see *Boston Rubber Shoe Co.* v. *Malden*, 216 Mass. 508, 510), and the protection of taxpayers against assessments on property which they do not own. G. L. (Ter. Ed.) c. 59, § 35. But no penalty is provided for failure to bring in such lists except that by such a failure a taxpayer submits himself to "the doom of the assessors" (*Lincoln* v. *Worcester*, 8 Cush. 55, 64; G. L. [Ter. Ed.] c. 59, § 36), and is deprived of full remedy by abatement. The exclusive remedy for overassessment of real or personal property is the statutory proceeding for abatement. *Central National Bank* v. *Lynn*, 259 Mass. 1, 6–7; *S. C.* 266 Mass. 145. Additional remedies are available where the tax is wholly illegal. See *Milford Water Co.* v. *Hopkinton*, 192 Mass. 491, 498. Recovery back of such a tax may be had by an "action," but by the terms of the governing statute such "action" must be brought within the time prescribed, and one other of several conditions precedent must be complied with. G. L. (Ter. Ed.) c. 60, § 98. *Knowles* v. *Boston*, 129 Mass. 551. Bringing in a list, however, is not one of those conditions, and an illegal tax may be recovered back in such an "action" even if no list was brought in. *Williams* v. *Acton*, 219 Mass. 520. But it is the form of the proceeding and not the illegal nature of the tax which renders a list unnecessary since, apart from St. 1931, c. 150, bringing in a list is a condition precedent to abatement of a tax wholly illegal. G. L. c. 59, §§ 29, 61, 64. *Central National Bank* v. *Lynn*, 259 Mass. 1, 4. See also *Hopkins* v. *Reading*, 170 Mass. 568. Nor is the filing of a list a condition precedent to the defence of illegality of a tax to an "action" for its collection. See G. L. (Ter. Ed.) c. 60, § 35. *Tobey* v.

*Kip*, 214 Mass. 477. The requirement of a list as a pre-
requisite for relief from improper taxation is, therefore, not
only in terms included in the statutes dealing with abate-
ments, but also in substance peculiar to relief by abatement.
And in the long history of statutory abatement, as appears
from the exhaustive discussion of the subject by Ham-
mond, J., in *Sears* v. *Nahant*, 205 Mass. 558, there have
been material differences between the conditions precedent
to abatements by assessors and those precedent to abate-
ments by appellate tribunals. Even now there is an im-
portant difference. Compare G. L. (Ter. Ed.) c. 59, § 61,
with § 64. The natural conclusion is that the requirements
of lists included in the statutes regulating abatements are
to be regarded as constituent parts of the remedies thereby
provided. The limitation is upon the particular remedy
rather than upon the taxpayers' rights. In this respect the
requirements as to lists differ from those as to notices con-
sidered in *Shallow* v. *Salem*, 136 Mass. 136, and *McNamara*
v. *Boston & Maine Railroad*, 216 Mass. 506. See *Woodvine*
v. *Dean*, 194 Mass. 40, 43. Compare *Bickford* v. *Furber*,
271 Mass. 94, 97.

Statutes are ordinarily interpreted as prospective in opera-
tion unless an intention that they shall operate retroactively
clearly appears. *Hanscom* v. *Malden & Melrose Gas Light
Co.* 220 Mass. 1, 3–5, and cases cited. But a statute dealing
with a remedy is prospective within this principle when ap-
plied to causes of action existing or actions pending at the
time it took effect, if the time for its application had not then
expired (*American Locomotive Co.* v. *Hamblen*, 217 Mass.
513), unless such application, though in form affecting the
remedy only, in reality materially affects substantive rights
previously acquired. *Mulvey* v. *Boston*, 197 Mass. 178.
Such statutes, being in the main remedial, in the broad as
well as the narrow sense, are liberally interpreted in order to
effectuate their purposes. *Hall* v. *Reinherz*, 192 Mass. 52,
53. *Smith* v. *Freedman*, 268 Mass. 38, 41. These principles
of interpretation are applicable to a statute providing a
more effective remedy for the enforcement of a prior right.
*George* v. *Reed*, 101 Mass. 378. *Wood* v. *Westborough*, 140

Mass. 403.  *Tremont & Suffolk Mills* v. *Lowell*, 165 Mass.
265.  *Rogers* v. *Nichols*, 186 Mass. 440, 443.  *Selectmen of
Amesbury* v. *Citizens Electric Street Railway*, 199 Mass.
394, 395.  Compare *Jacobus* v. *Colgate*, 217 N. Y. 235.

Interpreted in accordance with the principles stated the
amendment applies to the present case.  Its manifest purpose
is to give to owners of taxable real estate less restricted means
of enforcing their rights to be taxed only on its actual value.
No reason appears why the considerations leading to the
change in policy are not applicable to existing cases.  Noth-
ing in the amendment indicates a legislative intention to
exclude from its benefits any taxpayer whose rights had not
been finally adjudicated and who brings himself within its
terms.  If such exclusion had been intended it could readily
have been accomplished by an express provision to that
effect.  No aid in interpretation is to be obtained from the
history of the legislation.  The bill, which became St. 1931,
c. 150, in its early legislative stages contained the following:
"Section 4.  This act shall take effect upon its passage and
shall apply not only to applications for abatement filed after
the effective date of this act but shall also apply to applica-
tions for abatement pending before boards of assessors,
boards of county commissioners, or the board of tax appeals.
In any pending case where an applicant for an abatement has
done acts which would constitute a sufficient compliance with
provisions of this act, he may have an abatement, if other-
wise entitled thereto, despite his failure to file lists in accord-
ance with the statutes as heretofore existing."  1931 House
Document, No. 1335.  Before passage, however, this section
was struck out.  1931 Journal of the Senate, page 416.
Whatever inference of legislative intention with respect to
pending applications for abatement can be drawn from this
action, no inference is warranted that the amending statute
was not intended to include an application for abatement
filed, as here, after its effective date.

The time for the application of the amendment to the
present case had not expired when it became operative.
There was time (see G. L. [Ter. Ed.] c. 59, § 59) after its
passage for the taxpayer to bring himself within its terms by

filing an application for abatement, including "a sufficient description of the particular real estate" (G. L. [Ter. Ed.] c. 59, §§ 61, 64), if he had not already done so, and for consideration thereof by the assessors and the appellate board.

Moreover the taxpayer's rights had not been finally adjudicated under the statutes in force before the amendment. The time for filing an application for abatement under those statutes had not expired and, as required thereby, he could have filed "with his application a list of his real estate, with an estimate of the fair cash value of each parcel." G. L. c. 59, § 61. *Boston & Albany Railroad* v. *Boston,* 275 Mass. 133, 136–138. (It is not contended that the assessors' notice under G. L. c. 59, § 29, required the seasonable filing of a list of real estate.) If, however, as we do not decide (see *Boston & Albany Railroad* v. *Boston,* 275 Mass. 133, 136), the bringing in of a list of his personal property was also a condition precedent to abatement of the tax on his real estate, the taxpayer could have filed such a list with his application and would have been entitled to an abatement of the tax on his real estate though, because of his failure to bring in such list seasonably, in the absence of a finding by the assessors or the appellate board that there was reasonable excuse for the delay, he would not have been entitled to an abatement by the appellate board. § 64. *Sears* v. *Nahant,* 205 Mass. 558. Under the amendment, when applicable — whatever was the law before — the appellate board may grant an abatement, though no list of personal property had been filed seasonably and neither the assessors nor the appellate board found that there was a reasonable excuse for the delay.

The change in the statute, therefore, as applied to the present case, did not go to the extent of providing a remedy where there was none before (*Selectmen of Amesbury* v. *Citizens Electric Street Railway,* 199 Mass. 394, 395, *Jacobus* v. *Colgate,* 217 N. Y. 235), but at most provided a more effective remedy. The extension of the right of review on appeal was clearly procedural and remedial — furnishing a new tribunal for the adjudication of undecided issues — and naturally applied to existing causes of action. *Devine's*

*Case,* 236 Mass. 588, 592–595. *West Boylston Manuf. Co.* v. *Board of Assessors,* 277 Mass. 180, 189. See also *New London Northern Railroad* v. *Boston & Albany Railroad,* 102 Mass. 386; *Commonwealth* v. *Phelps,* 210 Mass. 78; *Bogigian* v. *Commissioner of Corporations & Taxation,* 248 Mass. 545, 548; *Hallowell* v. *Commons,* 239 U. S. 506, 508.

The amendment did not under the guise of changing procedure affect adversely substantive rights of the taxpayer for it made less rather than more stringent the requirements for abatement. Principles not requiring discussion here would be involved if such rights were affected adversely. See *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, and cases cited. No question arises respecting interference with vested rights of the municipality. *Tremont & Suffolk Mills* v. *Lowell,* 165 Mass. 265. The requirements as to bringing in lists are "in the general interest and for the protection of the public." *Boston Rubber Shoe Co.* v. *Malden,* 216 Mass. 508, 511. The control of such procedural requirements rests in the General Court. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 8. *West Boylston Manuf. Co.* v. *Board of Assessors,* 277 Mass. 180, 190.

Since the amendment applies to the present case, it is unnecessary to consider taxpayers' rights under the statutes before they were amended. The taxpayer's requests for rulings so far as they bear upon the question here decided are disposed of by what has been said.

It follows that the taxpayer is entitled to an abatement. Abatement is granted in the sum of $770 with interest and costs before the board and costs of this appeal. An order to this effect is to be entered in the form set forth in *West Boylston Manuf. Co.* v. *Board of Assessors,* 277 Mass. 180, 190–191.

*So ordered.*