BOARD OF ASSESSORS OF BOSTON *vs.* SUFFOLK LAW SCHOOL.

Suffolk. January 13, 1936. — October 28, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Tax,* Abatement. *Board of Tax Appeals. Jurisdiction. Waiver. Evidence,* Presumptions and burden of proof, Admission. *Supreme Judicial Court,* Jurisdiction, Rescript.

The requirement of § 59 of G. L. (Ter. Ed.) ·c. 59, in the amended form appearing in § 1 of St. 1933, c. 266, that an application in writing to assessors for abatement of a tax shall be "on a form approved by the

commissioner" of corporations and taxation, was not unreasonable and was mandatory, and could not be waived by the assessors, nor the lack of compliance with it excused by good faith on the part of the taxpayer or by acceptance by the assessors of an application in some other form or by the fact that the assessors were not inconvenienced or misled; and the assessors had no jurisdiction to determine such an application nor did the board of tax appeals have jurisdiction to hear and determine an appeal by the taxpayer from a decision of the assessors upon such application which was adverse to him.

The questions, whether, by reason of lack of approval by the tax commissioner of a form used, assessors had jurisdiction to determine an application in writing for abatement of a tax, and whether the board of tax appeals had jurisdiction to determine an appeal from a decision made upon such application, were open for consideration by this court on an appeal from a decision by the board although the record included statements by the board that they treated conduct of the assessors as having waived the question of form and rulings by the board that such question of form was not properly raised by the pleadings before them and had been waived; and notwithstanding the provisions of § 13 of G. L. (Ter. Ed.) c. 58A in the amended form appearing in St. 1933, c. 321, § 7, that, upon such an appeal, this "court shall not consider any issue of law which does not appear to have been raised in the proceedings before the board."

The burden of establishing that an application to assessors for abatement of a tax was "on a form approved by the commissioner" of corporations and taxation as required by § 59 of G. L. (Ter. Ed.) c. 59, in the amended form appearing in § 1 of St. 1933, c. 266, was on the taxpayer, and was not sustained where the record before this court disclosed that the application was typewritten on a plain sheet of paper, but that there was no evidence that the application was in fact on a form approved by the commissioner.

Although the record in this court on appeal from a decision by the board of tax appeals granting an abatement of a local tax showed that the board had acted without jurisdiction in the circumstances, this court was not precluded from considering the appeal to the extent of reviewing the question of the board's jurisdiction; and the board's decision was reversed and the appeal of the taxpayer from the assessors to the board was ordered dismissed.

APPEAL, filed in the Supreme Judicial Court for the county of Suffolk on September 24, 1935, by the assessors of the city of Boston from a decision by the board of tax appeals granting an abatement of a tax.

*L. H. Weinstein*, Assistant Corporation Counsel, for the board of assessors.

*J. M. Swift*, for the taxpayer.

FIELD, J.   This is an appeal by the assessors of the city of Boston from a decision of the board of tax appeals grant-

ing an abatement of a tax for the year 1934 on real estate owned by the Suffolk Law School — a corporation organized under St. 1914, c. 145, "to furnish instruction in law" — hereinafter referred to as the taxpayer.

The taxpayer on April 1, 1934, was the owner of real estate in the city of Boston and, in December, 1934, was assessed a tax thereon in the amount of $13,801.20. The tax has not been paid. The taxpayer on December 31, 1934, filed with the assessors a document referred to in the findings of fact as an "application for abatement," and on March 6, 1935, "the assessors denied the application and gave the . . . [taxpayer] written notice of their decision." The taxpayer seasonably appealed to the board of tax appeals. The board, after hearing, granted an abatement of the full amount of the tax assessed. From this decision the assessors appealed to this court.

The taxpayer contends that it was exempt from taxation on its real estate as a literary and educational institution under G. L. (Ter. Ed.) c. 59, § 5, cl. 3. The assessors, while contending that the taxpayer was not so exempt, make the preliminary contention that the board of tax appeals was without jurisdiction to grant the abatement because of the failure of the taxpayer to make an application for abatement as required by law. The taxpayer urges that this preliminary contention is not open on this record, but, if open, is without merit.

The assessors' preliminary contention is open on this record and must be sustained.

The record on this appeal, in accordance with the provisions of G. L. (Ter. Ed.) c. 58A, § 13, in the amended form appearing in § 7 of St. 1933, c. 321, includes, with copies of other papers, copies of "the application for abatement or other petition filed . . . with the board of assessors and the decision or determination thereon, the petition upon appeal to the board, the answer to the petition . . . the report and findings of the board including any opinions filed . . . the claim of appeal to the supreme judicial court" and a copy of the "official report of the proceedings before the board," containing all the evidence before it. No "other

pleadings" and no "requests for rulings of law and findings of fact" are included in the record.

G. L. (Ter. Ed.) c. 59, § 59, in the amended form appearing in § 1 of St. 1933, c. 266, in force during the period in question, provided that "A person aggrieved by the taxes assessed upon him may . . . apply in writing to the assessors, on a form approved by the commissioner [that is, the commissioner of corporations and taxation] for an abatement thereof; and if they find him taxed at more than his just proportion, or upon an assessment of any of his property in excess of its fair cash value, they shall make a reasonable abatement."   G. L. (Ter. Ed.) c. 59, § 65, in the amended form appearing in § 1 of St. 1933, c. 167, provides that "A person aggrieved as aforesaid [that is "by the refusal of assessors to abate a tax," see G. L. (Ter. Ed.) c. 59, § 64, as amended by St. 1933, c. 130, § 1] may, instead of pursuing the remedy provided in section sixty-four [an appeal to the county commissioners], but subject to the same conditions, appeal to the board of tax appeals by filing a petition with such board . . . . Such appeal shall be heard and determined by said board in the manner provided by chapter fifty-eight A."   See also G. L. (Ter. Ed.), c. 58A, § 6, as amended by St. 1933, c. 167, § 4.

Since the remedy by abatement is created by statute the board of tax appeals has no jurisdiction to entertain proceedings for relief by abatement begun at a later time or prosecuted in a different manner than is prescribed by the statute.   *International Paper Co.* v. *Commonwealth*, 232 Mass. 7, 10.   See also *Wheatland* v. *Boston*, 202 Mass. 258; *Cheney* v. *Dover*, 205 Mass. 501, 503.   *Bogigian* v. *Commissioner of Corporations & Taxation*, 248 Mass. 545.   And the board of tax appeals has no jurisdiction on appeal from the assessors to abate a tax which the assessors had no jurisdiction to abate.   A person refused an abatement of a tax by assessors who were without jurisdiction to abate such tax is not a "person aggrieved" by such refusal. *Otis Co.* v. *Ware*, 8 Gray, 509, 510.   *Charlestown* v. *County Commissioners*, 101 Mass. 87, 90.   *Central National Bank*

v. *Lynn*, 259 Mass. 1, 4; *S. C.* 266 Mass. 145.   See also *Dunham* v. *Lowell*, 200 Mass. 468.

The statutes in force before St. 1933, c. 266, § 1, took effect, though providing that an aggrieved taxpayer might "apply to the assessors for an abatement" of a tax within a fixed time, contained no express requirements that the application for abatement be in writing.   See R. L. c. 12, § 73; G. L. (Ter. Ed.) c. 59, § 59.   And it was decided that an oral application was sufficient.   *Page* v. *Melrose*, 186 Mass. 361, 363–364.   See also *Shawmut Mills* v. *Board of Assessors*, 271 Mass. 358, 360–361.   It follows, however, from the terms of the governing statutes and the necessary implications of the decisions thereunder that a seasonable application in some form was essential to jurisdiction of the assessors and of appellate tribunals of a proceeding to abate a tax. Such an application was a constituent part of the statutory remedy by abatement, though obviously not essential to other remedies for illegal taxation.   See *Wynn* v. *Board of Assessors*, 281 Mass. 245, 248–249.   A limited grant of power to abate a tax is no less effective to exclude from the jurisdiction of the assessors and appellate tribunals a case not within the terms of the grant than is a positive prohibition against abatement such, for example, as is applicable where a list required by statute has not been brought in. See *Sears* v. *Nahant*, 205 Mass. 558; *Tremont & Suffolk Mills* v. *Lowell*, 271 Mass. 1, 7.   Compare *Dunham* v. *Lowell*, 200 Mass. 468, 469; *Bogigian* v. *Commissioner of Corporations & Taxation*, 248 Mass. 545.

By St. 1933, c. 266, § 1, amending G. L. (Ter. Ed.) c. 59, § 59, by substituting a new section therefor, the form of application to assessors for abatement was prescribed. Clearly there was an intention to change the law.   Apparently the change was for the purpose of correcting what the Legislature deemed to be a mischief in the less formal procedure previously prescribed.   It is not for us to decide whether such change was advisable.   Full effect must be given thereto.   There is nothing in the statute to indicate that the new provision in respect to the form of applications

for ·abatements is merely directory and not mandatory or that an application in the prescribed form is not as clearly a prerequisite to jurisdiction to abate a tax as was a seasonable application in some form prior to the amendment of the statute by St. 1933, c. 266, § 1.    It cannot rightly be said that the requirement that an application to the assessors for an abatement be "in writing . . . on a form approved by the commissioner" as a condition of jurisdiction to abate a tax is so unreasonable that the statute is not to be given its natural meaning as imposing such a condition.    See *Central National Bank* v. *Lynn*, 259 Mass. 1, 5; *Boston & Albany Railroad* v. *Boston*, 275 Mass. 133, 137.    It follows that an application in the form prescribed by St. 1933, c. 266, § 1, is a prerequisite to the jurisdiction of the board of tax appeals of a case like the present.    And this statutory prerequisite to jurisdiction cannot be waived by any act of the assessors.    See *Boston Rubber Shoe Co.* v. *Malden*, 216 Mass. 508, 511; *Dexter* v. *Beverly*, 249 Mass. 167, 169; *Central National Bank* v. *Lynn*, 259 Mass. 1, 3, and cases cited. The lack of an application in the statutory form is not excused by the good faith of the taxpayer, or acceptance by the assessors of an application in some other form nor by the fact that the assessors are not inconvenienced or misled. Such considerations are material on the issue whether an application meets the requirements of the statute, but do not excuse clear noncompliance with these requirements. See *Great Barrington* v. *County Commissioners*, 112 Mass. 218, 223; *West Boylston Manuf. Co.* v. *Board of Assessors*, 277 Mass. 180, 186, 188.    For reasons which will appear later it is unnecessary to consider the effect on jurisdiction of failure of the commissioner to approve a form of application.

The question of jurisdiction of the board of tax appeals — which turns on the issue whether an application to the assessors for abatement was made as required by law — is open for our consideration.    The board found that "An application for abatement, dated December 31, 1934, was filed with the assessors the same day," and that the "application for abatement was typewritten on a plain sheet of

paper." The application, a copy of which is contained in the record as required by G. L. (Ter. Ed.) c. 58A, § 13, as amended by St. 1933, c. 321, § 7, is also set out in full in the findings. The board states in its findings: "There was no evidence that the application for abatement was not on a form approved by the commissioner of corporations and taxation; nor was the question raised at the hearing or argued by counsel or submitted in the form of a request for a ruling of law and was not set forth full[y], directly and specifically in the answer. The board of assessors accepted and acted upon the application, treated it as properly before them, as indicated by their letter of denial . . . and we therefore treat the question as to whether the application was on a form approved by the commissioner as waived." In the opinion of the board of tax appeals it is said that the "question whether the application is on a form approved by the commissioner was not raised before this board," and that this issue "was not properly raised by the pleadings and if it is determined that it was raised by the pleadings it has been waived." We do not stop to consider whether the question of jurisdiction was raised before the board for we are of opinion that neither failure to raise this question nor waiver thereof by the assessors would preclude this court from considering it.

Consent or waiver by the parties cannot confer upon a court or administrative tribunal jurisdiction over a cause which is not vested therein by the law. It is the duty of an appellate court to consider on its own motion whether a cause was within the jurisdiction of the court or tribunal from which the appeal was taken. *Santom* v. *Ballard,* 133 Mass. 464. *Levangie's Case,* 228 Mass. 213, 216–217. *Eaton* v. *Eaton,* 233 Mass. 351, 364, and cases cited. And the question of jurisdiction of a cause can be raised by the parties at any stage of the proceedings. *Cheney* v. *Boston & Maine Railroad,* 227 Mass. 336, 337–338. *Morse* v. *O'Hara,* 247 Mass. 183, 185. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 40. These principles are applicable to the present case unless, as the taxpayer contends, consideration by this court of the question of juris-

diction is precluded by the provision of G. L. (Ter. Ed.) c. 58A, § 13, as amended by St. 1933, c. 321, § 7, that the "court shall not consider any issue of law which does not appear to have been raised in the proceedings before the board." This statutory provision must be interpreted in the light of the above stated principles of law. *Commonwealth* v. *Welosky,* 276 Mass. 398, 401–402. *Armburg* v. *Boston & Maine Railroad,* 276 Mass. 418, 426. *Levin* v. *Wall,* 290 Mass. 423, 426. By reason of these principles an exception of questions of jurisdiction from the general application of the statutory provision is to be implied. It is not to be thought that the Legislature intended that jurisdiction not vested in the board of tax appeals by law could be conferred on the board by failure of the parties to raise the issue of jurisdiction before such board. Confirmation of this interpretation of the statutory provision as applied to the sufficiency of an application for abatement is found in the statutory requirement that the record in every appeal from the board of tax appeals to this court shall include a copy of "the application for abatement or other petition filed . . . with the board of assessors," irrespective of the issues raised before the board. G. L. (Ter. Ed.) c. 58A, § 13, as amended by St. 1933, c. 321, § 7.

The burden of establishing facts essential to the jurisdiction of the board of tax appeals was on the taxpayer who took the appeal from the decision of the board of assessors. See *Winnisimmet Co.* v. *Chelsea,* 6 Cush. 477, 479, 481; *Page* v. *Melrose,* 186 Mass. 361, 363, 364; *Central National Bank* v. *Lynn,* 259 Mass. 1. The taxpayer has not established the fact, essential to jurisdiction, that it applied to the assessors for abatement of the tax in question "in writing . . . on a form approved by the commissioner." The finding of the board that an "application for abatement . . . was filed with the assessors," considered in connection with the subsidiary findings and the copy of the so called application included in the record, does not import that the so called application conformed to this requirement. We assume without decision that the document filed with the assessors was an application for

abatement, though not so expressed in terms and purporting to be a request for exemption. We assume also without decision that this application, though "typewritten on a plain sheet of paper," could be "on a form approved by the commissioner" if the commissioner saw fit to give his approval to such an application. But there was no finding and no evidence that the application was in fact on a form approved by him. The absence of evidence that the application was not on such a form would not have warranted an affirmative finding that it was on such a form. See *Winnisimmet Co.* v. *Chelsea*, 6 Cush. 477, 483–484. Moreover, the taxpayer in its petition to the board of tax appeals made an admission binding upon it that it "applied by informal petition" to the assessors, alleging by way of explanation, "No forms existing for exemption of said taxes." See G. L. (Ter. Ed.) c. 58A, § 8, as amended by St. 1933, c. 321, § 4; Rule 36 of the Board of Tax Appeals; G. L. (Ter. Ed.) c. 231, §§ 87, 144; *Sullivan* v. *Ashfield*, 227 Mass. 24, 27–28; *Barnes* v. *Springfield*, 268 Mass. 497, 509.

Furthermore, the taxpayer has not shown that the board of tax appeals had jurisdiction of this proceeding on the ground that the requirement of an application to the assessors "on a form approved by the commissioner" was waived or excused. The allegations of the taxpayer on these points in its petition to the board of tax appeals — which with other allegations are contained in paragraph 6 of the petition — are these: "No forms existing for exemption of said taxes it therefore applied by informal petition as specified by the said appellees and including a sufficient description of the particular real estate as to which abatements are requested." As already stated, the assessors could not waive the requirement of an application "on a form approved by the commissioner" as a prerequisite to jurisdiction of the board of tax appeals. Consequently it is unnecessary to discuss the evidence bearing on the question of waiver. Moreover, there was no finding or evidence warranting a finding that no "form approved by the commissioner" was available to the taxpayer. Nor was there any admission to this effect by the assessors. Paragraph 6

of the answer of the assessors is in these terms: "The appellee denies the allegations contained in Paragraph 6 of the appellant's petition." Even if under the rules of the board this was an insufficient answer to the allegations in question such insufficiency was waived by the taxpayer by going to trial before the board on the merits without objection to the answer as insufficient, and on appeal from the board to this court such answer cannot be treated as an admission by the assessors of the truth of these allegations. *Volpe* v. *Sensatini,* 249 Mass. 132, 134. *Strumskis* v. *Tilenas,* 268 Mass. 550, 553. Where, as here, the record is silent it must be assumed that the commissioner performed the duty impliedly imposed on him of approving a form. *Masonic Education & Charity Trust* v. *Boston,* 201 Mass. 320, 326. The effect of failure by the commissioner to approve a form or of the nonavailability of an approved form for use by the taxpayer, therefore, need not be considered.

The ground upon which this decision rests is that the Legislature by the enactment of the governing statute has restricted the authority of assessors to making abatements upon the terms there stated and upon those terms only. Authority is conferred on assessors to make a "reasonable abatement" if application therefor was made "in writing to the assessors on a form approved by the commissioner." Neither expressly nor by fair implication is authority conferred on assessors or on the board of tax appeals to abate a tax if no such application was made. This court cannot enlarge the authority conferred by the Legislature on the assessors or on the board of tax appeals. In the opinion of a majority of the court, the requirement of an application for abatement in the prescribed form is jurisdictional and, since it does not appear that such an application was made by this taxpayer, its appeal to the board of tax appeals should have been dismissed by the board for want of jurisdiction. Such want of jurisdiction of the board, however, does not preclude this court from taking cognizance of this appeal from the board for the purpose of reviewing its action in taking jurisdiction of the proceeding. See *Elder*

*v. Dwight Manuf. Co.* 4 Gray, 201, 204–205; *Santom* v. *Ballard,* 133 Mass. 464; *Levangie's Case,* 228 Mass. 213.

The decision of the board of tax appeals is reversed and the appeal of the taxpayer to the board from the assessors is dismissed.

*So ordered.*