Toomey, J.
Plaintiffs Alba E. Leño and Geraldine E. Leno (the “Leños”) have brought this action pursuant to G.L.c. 41, §81BB to appeal the decisions of the Town of Leicester Planning Board and the Town of Leicester Board of Assessors (collectively the ‘Town”) which have held that the rescission of a subdivision plan would not be applied ab initio. The defendants have moved for summary judgment arguing that the relief sought may only be awarded pursuant to G.L.c. 59, §59 (governing tax abatements), over which this court has no jurisdiction, and that, under G.L.c. 41, §81BB, this action was not brought in a timely manner. For the reasons outlined below, the defendants’ motion is DENIED.
FACTS
In August of 1988, the Leños entered into a purchase and sale agreement with John Scappeticci and Sandra Roache (the Leños’ daughter) for the sale of certain property in Leicester which was owned by the Leños. The original agreement was contingent upon the purchasers’ receiving subdivision approval from the town and was set to expire on November 14, 1988. The parties subsequently extended the closing date to March 1, 1989 and added some additional conditions to the sale. When March 1, 1989 arrived, the purchasers had not yet *11 received subdivision approval (though they had set the approval process in motion) nor had they met any of the other conditions precedent to the closing. Accordingly, the agreement between the parties expired leaving Scappeticci and Roache without any interest in the property.
Undeterred, Scappeticci and Roache continued with their efforts to obtain approval of their subdivision plan. The Leños, meanwhile, had moved to Maine and were unaware of the continuing efforts concerning their property. Eventually, after a public hearing was held, the subdivision plan was approved on May 9, 1989. Pursuant to this approval, the parties — including the owners of the property — were required to sign a covenant containing conditions for the approval. Two of the signatures on the document, which purport to be the signatures of Alba Leño and Geraldine Leno, appear to be rather poor forgeries.[1] Nevertheless, the town accepted the signed covenant. The subdivision plan, however, was never recorded with the registry of deeds.
In July of 1991, the town sent out its tax bills. The Leños’ bill was apparently sent to their old Leicester address and then forwarded to the Leños’ new Maine address. The Leños received the tax bill in August of 1991 and learned, for the first time, that a subdivision plan had been approved for their property.
The Leños immediately contacted Barry Bachrach, the then chairman of the planning board, to alert him to the situation. Bachrach investigated the situation and, on March 17, 1992 the board rescinded the subdivision approval.
On June 5, 1992, Marwood Rand, the current chairman of the planning board, wrote to the board of assessors stating that the planning board’s rescission was not to be applied ab initio, but instead was effective only from March 17, 1992 forward. Accordingly, on June 12,1992 the assessors wrote to the Leños informing them of the decision not to apply the rescission ab initio. On June 29, 1992, the Leños’ attorney wrote to the boards notifying them of the Leños’ intention to appeal this decision.[2] On July 2, 1992, the present action was filed.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989) “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
The town makes two arguments in its motion for summary judgment: first, the action is, in essence, an action for abatement pursuant to G.L.c. 59, §59 over which this court has no jurisdiction, and, second, the action is untimely under G.L.c. 41, §81BB. This court will address each of the arguments seriatim.
Defendants first argue that G.L.c. 59, §59 provides the exclusive avenue for the plaintiffs to seek an abatement of the taxes at issue. G.L.c. 59, §59 provides that a person aggrieved by a tax assessment may apply to the assessors to have the assessment abated. If an abatement is denied by the assessors, the aggrieved taxpayer may appeal to the appellate tax board pursuant to G.L.c. 59, §64. Finally, upon denial by the appellate tax board, the taxpayer may appeal to the Superior Court pursuant to G.L.c. 30A. For a taxpayer seeking an abatement, the above outlined process is, inarguably, the exclusive remedy. D’Errico v. Board of Assessors of Woburn, 384 Mass. 301 (1981); Wynn v. Board of Assessors of Boston, 281 Mass. 245 (1932).
In the present case, however, the plaintiffs are not seeking an abatement of taxes, even though, in reality, an abatement-like result may eventuate if plaintiffs prevail on the merits of the instant action. The plaintiffs are not directly challenging the assessment of taxes on their property, but rather the decision of the planning board and board of assessors not to apply the rescission of the subdivision classification ab initio. The distinction between assessment and decision is subtle, but nonetheless real, and the decision may be properly appealed to the court pursuant to G.L.c. 41, §81BB.
Defendants next argue that, under G.L.c. 41, §81BB, the plaintiffs’ action must be dismissed as time-barred. G.L.c. 41, §81BB governs, inter alia, appeals of certain decisions by planning boards including “any decision by a planning board concerning a plan of a subdivision of land.” Appeals under §8 IBB must be filed within twenty days of such a decision. The town argues that, because the planning board approved the subdivision on May 9, 1989, the plaintiffs’ action, filed on July 2, 1992, is untimely. The court does not agree.
Concededly, the planning board did approve the subdivision more than three years before the present action was commenced. It is not, however, the approval of the subdivision plan that the plaintiffs seek to challenge in the action; rather, it is the decision of the boards not to apply the rescission of the approval ab initio. On June 5, 1992 the planning board sent a letter to the board of assessors informing the assessors that it considered Indian Ledge Estates “an active subdivision plan from the date of acceptance on May 9, 1989 until the rescission on March 17, 1992.” In response to the June 5, 1992 letter, the board of assessors wrote to the plaintiffs on June 12, 1992, informing them that the assessors would not consider *12 the rescission to be retroactive. It is those decisions, denying ab initio treatment, that the plaintiffs now seek to challenge.
The question then becomes: Did the plaintiffs file their appeal and give notice to the town “within twenty days after such decision has been recorded in the office of the city or town clerk or within twenty days after the expiration of the required time as aforesaid . . .”? G.L.c. 41, §81BB. This question cannot be answered from the submissions of the parties for two reasons:
1. The town has provided no evidence concerning when (if ever) the board’s June 12 decision not to apply the rescission retroactively was recorded in the town clerk’s office, thus triggering plaintiffs §81BB appeal period, and,
2. Although the plaintiffs have provided copies of a letter dated June 29, 1992 and a Notice of Appeal filed on July 2, 1992 — both of which purport to notify the town of the plaintiffs’ appeal — there is no indication as to when the town received those documents.
The operative facts will be crucial in determining whether the present action was filed in a timely manner. For example, if the decision was recorded in the clerk’s office on June 12 (the same day the letter was sent to the plaintiffs) and the town had notice of the appeal before July 2 (the date the action was filed), then the action may be timely. If, however, the decision was recorded earlier or the notice received later, the action may not be timely. In any event, it is the defendants’ present burden to establish that no genuine issue of material fact exists as to whether or not the action was brought outside the statute of limitations. Riley v. Presnell, 409 Mass. 239, 243-44 (1991); Pederson v. Time, Inc., 404 Mass. 14, 17, n.8 (1989). As the defendant has failed to satisfy that burden, summary judgment is denied.
ORDER
For the reasons outlined above, the defendants’ motion for summary judgment is DENIED.

 Aside from the poor quality of the signatures, Geraldine Leno’s name is spelled incorrectly.

 As discussed in detail below, there is insufficient evidence in the parties’ submissions for the court to conclude when this letter was sent or received.