### DANIEL V. MCISAAC *vs.* HAROLD ADAMS.

Suffolk.    November 15, 1905. — January 3, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Infant.    Necessaries.    Attorney at Law.*

An attorney at law who, at the suggestion of relatives of a minor, acts for the minor in the settlement of the estate of a deceased person in which the minor is interested, not being employed by a probate guardian or a guardian *ad litem* nor by the minor himself, is in the position of a volunteer rendering services which are not necessaries and cannot recover against the minor.

CONTRACT for $1,000 for professional services.    Writ dated March 21, 1902.

The answer contained a general denial, and also set up that at the time of the alleged performance of the services by the plaintiff the defendant was a minor and that the services were not necessaries.

The case was tried in the Superior Court before *Mason*, C. J., without a jury.    He refused to rule that the defendant was not liable to the plaintiff, and found for the plaintiff in the sum of $1,000.    The defendant alleged exceptions.

*H. W. Hardy*, for the defendant.

*J. R. Murphy*, for the plaintiff.

KNOWLTON, C. J.    The plaintiff is an attorney at law, and he brings this action against the defendant, a minor, to recover on a *quantum meruit* for professional services.    The defendant is the grand nephew of Julius Adams, who died unmarried and without issue, leaving a will by which he disinherited his brother Durward Adams, the grandfather of the defendant.    The plaintiff was employed by Durward Adams and others interested in

the estate of Julius Adams, and he appeared for them in the Probate Court, and afterwards in the Supreme Judicial Court, and rendered services in these courts, and in making a compromise by which there was a modification of the will, which was adopted in the settlement of the estate. He also assumed to represent the defendant, and to render services to him as well as the others. It is not contended that he was employed by the defendant in person, for he testified at the trial that he had never seen the defendant. During a considerable part of this time the defendant had a probate guardian, and for a while he had also a guardian *ad litem*. The plaintiff acted independently of the guardian *ad litem*, and, if we are to consider facts which appear in *Elder* v. *Adams*, 180 Mass. 303, to which the plaintiff referred in his testimony, it would seem that, during a part of the time, he acted adversely to this guardian. The plaintiff testified that the probate guardian, who is the grandmother of the defendant, employed him for herself, and for her son Reginald Adams of whom she was guardian, and who became twenty-one years of age about that time and employed the plaintiff for himself, and that he was acting generally for different members of the family and representing the whole family; but he did not recall any conversation or instructions in regard to the defendant. The presiding justice rightly found that the probate guardian made no contract to bind herself, or the ward's estate, for services to the ward. The plaintiff is therefore in the position of a volunteer, acting at the suggestion of relatives of the defendant. In such cases, ordinarily, there can be no recovery. *Jones* v. *Woods*, 76 Penn. St. 408. *Westmoreland* v. *Martin*, 24 S. C. 238.

In the aspect of the case most favorable to the plaintiff, he has no standing unless the services were necessaries. The plaintiff's testimony was the only evidence introduced at the trial, and we are of opinion that there is nothing in it which warrants the finding in his favor. The services were rendered in connection with the settlement of an estate, in which the defendant's only interest was as a legatee who would receive a not very large sum if the will should be allowed, or as a descendant of his grandfather who would take as an heir at law if the will should be set aside. Protection of such an interest of a minor

does not come within the term "necessaries," as used in reference to the liability of minors. Ordinary rights of property are to be protected by a guardian, and not left to the care of the minor himself, or to the irresponsible action of third persons. R. L. c. 145, § 25. When proceedings affecting the minor as a party are going on in a court, a guardian *ad litem* is appointed. R. L. c. 145, § 23. A judgment against a minor, without a probate guardian or a guardian *ad litem* to represent him, is voidable upon a writ of error. *Johnson* v. *Waterhouse,* 152 Mass. 585.

We can conceive of conditions such that a minor may be bound to pay a reasonable compensation for the services of an attorney, on the ground that they were necessary; but ordinarily this liability is limited to cases where the services are rendered in connection with the minor's personal relief, protection or liberty. The cases of *Crafts* v. *Carr,* 24 R. I. 397, *Barker* v. *Hibbard,* 54 N. H. 539, *Munson* v. *Washband,* 31 Conn. 303, and *Askey* v. *Williams,* 74 Tex. 294, are illustrations of the application of this rule. In the first the services were rendered in an action, brought by the next friend of a female minor, to recover for an indecent assault upon her. In the second the plaintiff had been employed to defend the defendant upon a charge of being the father of a bastard. In the third the defendant had been seduced, and afterwards had been turned out of doors by her father, and the plaintiff had brought an action for the defendant against the seducer. In the fourth the services were rendered in defending a minor upon an indictment for stealing. These cases recognize the general doctrine that legal services rendered to a minor in regard to ordinary rights of property are not necessaries. See also as to this last proposition, *Phelps* v. *Worcester,* 11 N. H. 51; *Thrall* v. *Wright,* 38 Vt. 494; *Conant* v. *Burnham,* 133 Mass. 193; *Tupper* v. *Cadwell,* 12 Met. 559, 562.

With the protection which the law gives minors in regard to their property, through its provisions for the appointment of guardians, it cannot be held that services of an attorney, without employment by a guardian, are necessary to a minor in the settlement of the estate of a deceased person in which he is interested.

*Exceptions sustained.*