### CHRISTOPHER C. CHASE *vs.* KATE B. CHASE.

Middlesex. December 2, 1913. — January 9, 1914.

Present: RUGG, C. J., HAMMOND, BRALEY, & DE COURCY, JJ.

*Probate Court, Appeal. Conservator. Notice. Husband and Wife.*

On an appeal from a decree made by a single justice of this court, affirming a decree of the Probate Court discharging a conservator on the ground that the ward had become competent to manage his own estate, the question whether the ward had thus become capable of managing his own affairs is one of fact, on which the finding of the single justice upon conflicting testimony of the witnesses who appeared before him, including the ward himself, will not be reversed unless plainly wrong.

Under St. 1903, c. 96, amending R. L. c. 145, § 40, by providing that the conservator of the property of a married person shall not be appointed or discharged without notice to the husband or wife of such person, where, upon the petition of a

husband for the discharge of his wife as conservator of his property on the ground that the petitioner has become competent to manage his own estate, the wife has appeared by counsel after a citation has been ordered notifying her of her husband's application for her discharge as conservator, no further notice to her is required.

If the provision contained in St. 1911, c. 206, that "a conservator of the property of a person who is unable properly to care for his property by reason of advanced age or mental weakness shall not be appointed without such notice as the Probate Court may order to the heirs apparent or presumptive of such person," applies by implication to a petition by a husband for the discharge of his wife as conservator of his property on the ground that he has become competent to manage his own estate, which was not decided, a wife, who has been discharged as conservator upon such a petition of her husband after having been heard in the proceeding, cannot impeach the decree on the ground that no guardian *ad litem* for a minor son was appointed on whom notice of the petition could be served.

APPEAL from a decree made by *Lawton,* J., in the Probate Court for the county of Middlesex, ordering the discharge of Kate B. Chase as the conservator of the estate of her husband Christopher C. Chase on the ground that the petitioner, said Christopher C. Chase, had become competent to manage his own estate and that such a conservator was no longer necessary.

The appeal was heard by *De Courcy,* J. The evidence, which is described in the opinion, was taken and reported by a commissioner appointed under Chancery Rule 35. The justice made a final decree ordering that the decree of the Probate Court be affirmed and that the case be remanded to that court for further proceedings. Kate B. Chase appealed.

*C. M. Bruce,* for the appellant, submitted a brief.

*W. H. Rand, Jr.,* for the appellee.

BRALEY, J. The parties are husband and wife whose only offspring and heir is an infant son some six years of age. By reason of the husband's advanced years and alleged mental weakness his wife was appointed the conservator of his property, but within less than four months, upon his petition, and after a contest by the wife, it was decreed, by the Probate Court, that he "had become and is now competent to manage his estate, and such conservatorship is no longer necessary." The conservator appealed to this court, and a single justice after a full hearing having entered a decree affirming the decree below, she appealed to the full court.

It is now urged, that upon the record, which contains a transcript of the evidence, we should reach a different conclusion, and

reverse both decrees. The inquiry whether by reason of the infirmities of age, or impaired mentality, a person has become so enfeebled as to be unable properly to conserve his property, is a question of fact. If the evidence of the witnesses for the appellant alone is reviewed, and weighed, there seems to be enough to sustain a finding of incapacity under the statute. But the husband was present and testified. His narrative of their marital relations, and explanation of his conduct is clear and coherent. The single justice, moreover, saw and heard him. It has been repeatedly decided that unless plainly wrong the finding shown by his decree will not be reversed. *Revere Water Co.* v. *Winthrop*, 192 Mass. 455, 459, and cases cited. *Manheim* v. *Woods*, 213 Mass. 537, 544. While the differences which have arisen may have been caused partly by the disparity in years, and the appellant doubtless is actuated by an honest desire to preserve for the support of the family, property which she fears may be dissipated, the substantial justice of the application of the rule in the present case, where the decisive element of personality of the living witnesses counts for so much, and cannot be transmitted in the printed testimony, is apparent.

The decree of appointment sanctioned by R. L. c. 145 § 40, settles for the time being the status of the person whose property is to be held. *Clifford* v. *Taylor*, 204 Mass. 358, 360, 361. It raises however no conclusive presumption of continued incapacity. If because of renewed vigor the ward becomes competent, he can be restored to the management of his own affairs upon application to the court. R. L. c. 145, § 40. By the amendments found in the St. of 1903, c. 96, St. of 1905, c. 127, and St. of 1907, c. 169, § 3, a conservator is not to be appointed or discharged without notice to the husband or wife of the ward. The conservator having appeared by counsel after a citation notifying her of the pendency of her husband's application had been ordered, no further notice to her under the statute as amended was required before entry of the decree. It is contended, in her behalf, that the St. of 1911, c. 206, requiring notice "to the heirs apparent or presumptive" of the ward in addition to the notice "now required by law" before an appointment can be made not having been complied with, the decree is invalid. But, even if this argument tends to undermine the validity of her own appointment, as it was her duty if neces-

sary to give notice and to have a guardian to the suit appointed, this statute, even if the proceedings are correlative and not independent, has not extended in terms the amendatory statutes as to notice where the application is for a discharge. *Swan* v. *Horton,* 14 Gray, 179, 180. Its provisions are not enlarged by R. L. c. 145 § 23, as amended by St. 1906, c. 452, § 2, conferring upon courts generally in their discretion authority to appoint guardians *ad litem,* and providing for the payment of their reasonable expenses and compensation. That statute is declaratory of the inherent powers of the courts necessary for the administration of their jurisdiction; it is not mandatory. A final answer is, that the petitioner cannot impeach the decree. The omission before granting the discharge to appoint a guardian *ad litem,* even if the son can be deemed an adverse party, does not make the decree void. *Austin* v. *Charlestown Female Seminary,* 8 Met. 196. *Pratt* v. *Bates,* 161 Mass. 315, 317. *Munroe* v. *Douglas,* 4 Sandf. Ch. 126, 196. *Morgan* v. *Burnet;* 18 Ohio, 535. It can be vacated only by proper proceedings instituted in that court during minority in the name of the infant by his probate guardian or next friend, or by himself after he becomes of age. *Taylor* v. *Lovering,* 171 Mass. 303. *Crockett* v. *Drew,* 5 Gray, 399. *Walsh* v. *Walsh,* 116 Mass. 377. *Johnson* v. *Waterhouse,* 152 Mass. 585. *McIsaac* v. *Adams,* 190 Mass. 117, 119. *Crocker* v. *Crocker,* 198 Mass. 401. The decree of the Probate Court should be affirmed. *Burroughs* v. *Wellington,* 211 Mass. 494, 497.

*Ordered accordingly.*