AUGUSTUS P. LORING & another, trustees, petitioners.
OLD COLONY TRUST COMPANY, trustee, (in eight cases) petitioner.

Middlesex.   Suffolk.   March 28, 29, 1917. — June 9, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Guardian, Ad litem.   Capital and Income.*

In a probate account charges for the services of a guardian *ad litem,* appointed to represent persons unborn or unascertained having possible future interests in a trust fund, are to be charged to capital and not to income.

APPEALS from nine decrees of the Probate Court for the counties of Middlesex and Suffolk allowing, with disallowances of certain items, the petition of the trustees under the will of Israel Lombard, late of Newton, for the allowance of their fifth account and eight petitions of the Old Colony Trust Company as trustee under various wills for the allowance of eight several accounts.

In the first case it appeared that Henry R. Scott, Esquire,

was appointed guardian *ad litem* or next friend to represent the interests of "persons unborn or unascertained who are or may become interested in said accounts." The decree of the Probate Court disallowed item 2 of schedule B, which was a charge of money paid out on account of principal of $13.33 paid to Henry R. Scott for services as guardian *ad litem*.

In each of the other eight cases, in which the Old Colony Trust Company was the petitioner, a guardian *ad litem* was appointed solely to represent "persons unborn or unascertained" not interested in current income. In each case a payment for the services of the guardian *ad litem* was charged to principal, and in all the cases "The judges of probate disallowed these items as charges against principal, without prejudice to any right of the accountants to charge the same items against income in later accounts."

The first case came on to be heard before *Pierce*, J., who reserved it for determination by the full court. Later the other eight cases came on to be heard before the same single justice, who reported them for determination by the full court.

*S. Vaughan*, for the trustees under the will of Israel Lombard.

*H. L. Burnham*, for the Old Colony Trust Company.

*W. P. Thompson*, for certain guardians *ad litem*.

BRALEY, J. The individual appellants are trustees under the will of Israel Lombard, while the trust company is trustee under various wills and an agreement of compromise. It is unnecessary to recite the provisions of these instruments. The only question which is common to all the appeals is, whether the charges for services of guardians *ad litem* appointed solely to represent "persons unborn or unascertained" having possible future interests in the trust funds or property should be taken out of income, or borne by principal.

The necessity of the appointment and the reasonableness of the charges are conceded. The court of probate in the first case on the trustee's fifth account having ordered the amount charged to income, while in the other cases the decrees allowing the several accounts disallowed the items as charged against principal without prejudice to any right of the trustee in subsequent accounts to charge these items against income, the accountants appealed to this court.

By R. L. c. 150, § 22, where an account has been filed the items

of which the court of probate finds should be finally determined and adjudicated, and ". . . the interest of a person unborn, unascertained, or legally incompetent to act in his own behalf is not represented except by the accountant, the court shall appoint a competent and disinterested person to act as guardian *ad litem* or next friend for such person, and to represent his interest in the case. The person so appointed . . . shall be entitled to such reasonable compensation for his services as the court allows." See *Parker* v. *Boston Safe Deposit & Trust Co.* 186 Mass. 393–396. And by R. L. c. 145, §§ 23, 24, as amended by St. of 1906, c. 452, § 2, "The reasonable expenses of such guardian *ad litem* or next friend, including his compensation and that of his counsel, shall be determined by the court and paid as it may order, either out of the estate or by the plaintiff or petitioner. If such expenses are to be paid by the plaintiff or petitioner execution therefor may issue in the name of the guardian *ad litem* or next friend." See *McIsaac* v. *McAdams,* 190 Mass. 117, 119. It will be seen that under the statute compensation is to be awarded, but whether payment shall be ordered from income or principal is left for the determination of the court. *Bridge* v. *Bridge,* 146 Mass. 373, 377.

If by St. of 1907, c. 371, brokers' commissions and other expenses properly incurred and paid for, in connection with the sale, or in the exchange or purchase of property are to be charged to principal, the general rule is, "that, in the absence of a different testamentary direction or of an agreement as to apportionment between the tenant for life and the reversioner, ordinarily taxes, insurance and all incidental expenses of the maintenance of real property, which forms a part of an estate held in trust, whether left by a testator or purchased by the trustees, are to be paid from income." *Jordan* v. *Jordan,* 192 Mass. 337, 344, and cases there collected. It would hardly be contended where an insane remainderman is cited under R. L. c. 150, §§ 1, 2, 22, on the filing of the trustee's account, that the expenses of the guardian *ad litem* who must be appointed to represent him would be an expense of maintenance chargeable to income. We are unable where a guardian is required, to perceive any difference in principle between a remainderman in being, and a remainderman who may come into being through the mere efflux of time. It is plain that the beneficiaries for life only can have no

pecuniary interest in the disposition of the remainder whether it consists of realty or personalty. A guardian *ad litem* ordinarily is not required for their protection; he acts only in behalf of those who under certain contingencies may become interested in the body of the trust, but never can share in the income.

The allowance for the guardian's services moreover is a necessary general expense of administration as distinguished from ordinary current expense, and having been incurred for the protection and benefit of the entire property is to be borne by capital. *Bridge* v. *Bridge,* 146 Mass. 373, 377. *Bartlett, petitioner,* 163 Mass. 509. *Jordan* v. *Jordan,* 192 Mass. 337. *Gray* v. *Hemmenway,* 212 Mass. 239, 243.

The result is that the decree in the first appeal is reversed and the decree in each of the remaining appeals also must be reversed.

*Ordered accordingly.*