ALEXANDER J. C. MODLICH *vs.* FREDERICK E. JENNINGS.

Suffolk. December 8, 1922. — March 1, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Spendthrift. Guardianship.*

A judge of probate, after hearing a petition for a release from guardianship filed in July, 1921, by one who in March, 1915, had been adjudged a spendthrift and placed under guardianship, found that the petitioner was "easily excited and confused," was "lacking in insight and sound judgment," was "easily influenced by those about him," had "no real understanding as to his property and the financial knowledge requisite to properly manage and safeguard it," and that the guardianship was "still necessary." The petitioner testified at the hearing. *Held*, that

(1) Even though the petitioner's habits may have improved so that, under the guardianship, he no longer indulged in the conduct which had caused him under R. L. c. 145, § 7, to be placed under guardianship, it did not follow that at the time of the hearing his improved habits constituted him competent to manage his own affairs and suitably to care for his property;

(2) The petition properly was dismissed upon the findings by the judge.

Upon an examination of the testimony at the hearing above described, it was *held* that the findings and rulings by the judge who saw and heard the witnesses, including the petitioner, were warranted and proper.

PETITION, filed in the Probate Court for the county of Suffolk on July 6, 1921, for discharge from guardianship under which the petitioner was placed on March 31, 1915, as a spendthrift.

In the Probate Court, the petition was heard by *Prest*, J., a

stenographer having been appointed under G. L. c. 215, § 18, to take the evidence. Material evidence and findings by the judge are described in the opinion. A decree was entered dismissing the petition; and the petitioner appealed.

*A. MacLeish & C. F. Choate, Jr.,* for the petitioner.

*A. T. Smith,* for the respondent.

DE COURCY, J.   The petitioner was adjudged a spendthrift in 1907; and the respondent was appointed guardian in 1915, after the death of a prior appointee. One Joseph J. Hampel of Danville, New Hampshire, was employed by the earlier guardian to act as a companion and caretaker of Modlich; and for the past ten years or more the petitioner has lived with Hampel at a place in Danville, described as a camp. He is now fifty-seven years old, and unmarried. His estate amounts to about $85,000, and the gross annual income to $5,000. The report of the judge of probate concludes: "I find that the petitioner is easily excited and confused; that he is lacking in insight and sound judgment; that he is easily influenced by those about him; that he has no real understanding as to his property and the financial knowledge requisite to properly manage and safeguard it, and I find that the guardianship is still necessary."

It is provided by G. L. c. 201, § 8, that "A person who, by excessive drinking, gaming, idleness, or debauchery of any kind, so spends, wastes or lessens his estate as to expose himself or his family to want or suffering, or any town to charge or expense for his support or for the support of his family, may be adjudged a spendthrift." Under § 13, "The guardian of an insane person or spendthrift may be discharged by the Probate Court . . . when it appears that the guardianship is no longer necessary." The petitioner contends that by this last section he is entitled to have the guardian discharged if and when he has ceased to indulge in the conduct specified in § 8. Such construction of the statute loses sight of its purpose, which is to take away from a spendthrift "the power to expend and dispose of his estate, to the end that neither he nor his family shall become a public charge." *Lynch* v. *Dodge,* 130 Mass. 458. As the guardian has not only control of the property but also custody of the person of his ward, the latter presumably has little opportunity to waste his estate by excessive drinking, or gaming. It does not neces-

sarily follow from his improved habits that he is now competent to manage his own affairs, to suitably care for his property.

It is further urged, that even if the power of the Probate Court to discharge is discretionary, on the evidence in this case the judge did not properly exercise his discretion. Apart from the expenses of the trip to Florida, the petitioner apparently has not had much opportunity to manifest or cultivate habits of saving, — notwithstanding the substantial amount of his property and income. But the printed record fails to disclose, although it indicates in places, the important elements of the petitioner's lack of judgment and memory, his ignorance of financial matters, and susceptibility to the influence of others, all of which the trial court had the opportunity to observe during the examination of the petitioner as a witness. A mere reading of his testimony shows a strange ignorance of the securities held for him, although he had a yearly list, and of the bank deposits made by him. The confused and suspicious state of mind manifested on various subjects during his examination cannot well be attributed to mere nervousness. The only friction between him and his guardian apparently arose from recent action and advice of the guardian, which the judge rightly finds "were intended for the best interests of the petitioner and were justified by the facts and circumstances." It would serve no useful purpose to refer to the testimony in detail. The judge of probate may well have believed that if the petitioner were given control of his property, there was danger that he might be induced to part with it, by persons then having influence over him. He is undoubtedly entitled to liberal treatment, in view of his age and the size of his estate, and it is important that the relations between him and the custodian of his person and property should be those of mutual confidence and consideration. But on this record we cannot say that the judge of probate was wrong in deciding that in January, 1922, "the guardianship is still necessary."

*Decree affirmed.*