SUSAN L. DEXTER *vs.* ELEANOR H. DEXTER, guardian.

Hampden.    September 22, 1932. — June 27, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Guardian,* Of spendthrift. *Probate Court,* Jurisdiction. *Statute,* Construction, Amendment. *Husband and Wife. Words,* "Relative."

The substitution, in G. L. c. 201, § 8, of the words "a relative" for the words "a relation or relations" in St. 1897, c. 173, was a mere verbal change making no alteration in the substance of the statute.

The cardinal rule for the interpretation of a statute is to ascertain the intent of the legislative body enacting it from its several parts and all its words, construed according to the common and approved usage of the language unless words of technical and precise meaning are employed, and considered in connection with the cause of its enactment, its subject matter, the preëxisting law, the mischief to be remedied, and the object to be accomplished, to the end that it be

given effect in harmony with common sense and the general welfare. Per RUGG, C.J.

A wife is a "relative" of her husband within the meaning of G. L. (Ter. Ed.) c. 201, § 8, and may maintain a petition for her appointment as guardian of the person and estate of her husband under the provisions of that statute.

PETITION, filed in the Probate Court for the county of Hampden on November 3, 1931, for revocation of a decree, entered by order of *Long*, J., described in the opinion.

The petition for revocation was heard by *Davenport*, J. Material facts found by him are stated in the opinion. He reported and reserved the case for determination by this court.

The case was submitted on briefs.

*J. S. Kane*, for the petitioner.

*W. G. McKechnie, A. A. Aronstam, & M. J. Donovan*, for the respondent.

*C. R. Clason*, for the guardian *ad litem*.

RUGG, C.J. This case comes before us on reservation with statement of facts by a judge of probate, it being stipulated by all parties that the evidence need not be reported. G. L. (Ter. Ed.) c. 215, § 13. *Cook* v. *Howe*, 280 Mass. 325.

This is a petition dated October 30, 1931, by Susan L. Dexter praying that a decree entered on September 5, 1928, be declared null and void. That decree was entered upon a petition filed on September 4, 1928, by Eleanor H. Dexter alleging that she was "a relative of the respondent," William C. Dexter, that in her judgment he by excessive indulgence in various vices so spent, wasted and lessened his estate "as to expose himself or his family to want or suffering; and . . . the city of Springfield to charge or expense for his or their support," and praying that "she or some other suitable person, may be appointed guardian of the person and estate of said" William C. Dexter. Eleanor H. Dexter was the wife of William C. Dexter and he assented to the allowance of the petition. No order of notice issued on that petition and the petitioner was appointed guardian of William C. Dexter on the ground that he was a spend-

thrift. William C. Dexter, now about forty years old, and his wife have no children; she is not related to him by consanguinity. His nearest "presumptive next of kin" are the present petitioner and her two brothers, all of whom are related to him as first cousins. The present petitioner did not have knowledge of the entry of the decree of September 5, 1928, appointing the respondent guardian within twenty days thereafter, but did have such knowledge within about three months thereafter and before Christmas of 1928, and took no action to disturb that decree up to the time of filing the present petition. William C. Dexter has title to real estate, as tenant by the entirety with the respondent, and other assets including bank deposits and insurance policies. The petitioner, if she survives William C. Dexter, may have an interest in this property as one of his presumptive next of kin.

The main contention of the petitioner is that the decree of September 5, 1928, was unauthorized and void under the terms of the enabling statute. It was provided by G. L. c. 201, § 8, (see now G. L. [Ter. Ed.] c. 201, § 8), that "a relative of the alleged spendthrift" may file a petition for the appointment of a guardian of his person and estate. It is argued that the wife is not a "relative" of her husband and that therefore the present respondent had no standing to file the petition on which the decree of September 5, 1928, was founded.

Public officers alone were authorized to petition for the appointment of a guardian of a spendthrift prior to the enactment of St. 1897, c. 173, whereby "a relation or relations" also were so authorized. See *O'Donnell* v. *Smith*, 142 Mass. 505, 511. The substitution of "a relative" for those words in G. L. c. 201, § 8, was a mere verbal change making no alteration in the substance of the statute. *Main* v. *County of Plymouth*, 223 Mass. 66, 69. *Boston & Albany Railroad* v. *Boston*, 275 Mass. 133, 138. There is no hard and fast definition of the word "relative." It is a word of general and comprehensive signification. According to definitions by lexicographers, it comprehends a person connected by consanguinity and also one connected by affin-

ity. *Esty* v. *Clark,* 101 Mass. 36, 38. *Lavery* v. *Egan,.* 143 Mass. 389, 392. *Thompson* v. *Thornton,* 197 Mass. 273, 276. The word as used in wills has been narrowed in its construction so as to be the equivalent of those who would take under the statute of distributions either as next of kin or by representation of next of kin unless a contrary intention appears. *Thompson* v. *Thornton,* 197 Mass. 273, 276. Nevertheless, instances occur where the word is used in a somewhat colloquial sense, even in testamentary instruments, and is given meaning accordingly. *Frye* v. *Saunders,* 248 Mass. 285, 287. The word was interpreted in *Esty* v. *Clark,* 101 Mass. 36, in the statute now G. L. (Ter. Ed.) c. 191, § 22, providing that a legacy "to a child or other relation of the testator," who dies before but leaves issue surviving the testator, shall go to such issue unless a different disposition is required by the will, as meaning kindred by blood and excluding the wife. That decision appears to be in harmony with the design of the statute because a testator would hardly intend a gift to go to stepchildren to the exclusion of those of his own blood without some definite expression of purpose to that end. See also *Curley* v. *Lynch,* 206 Mass. 289, 292; *Worcester Trust Co.* v. *Turner,* 210 Mass. 115, 120; *Union Trust Co. of Springfield* v. *Bingham,* 273 Mass. 287; *McInnes* v. *Spillane,* 282 Mass. 514, 517.

The cardinal rule for the interpretation of a statute is to ascertain the intent of the legislative body enacting it from its several parts and all its words construed according to the common and approved usage of the language, unless words of technical and precise meaning are employed, considered in connection with the cause of its enactment, its subject matter, the preëxisting law, the mischief to be remedied, and the object to be accomplished, to the end that it be given effect in harmony with common sense and the general welfare. *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 374. *Armburg* v. *Boston & Maine Railroad,* 276 Mass. 418, 426.

The purpose of the enactment of St. 1897, c. 173, manifestly was to enlarge the class of persons who might peti-

tion for the appointment of a guardian of a spendthrift.
By using the words "relation or relations" manifestly a
broad field of persons presumably having genuine interest
in such a person was included. In a popular sense, doubt-
less a wife or husband would be embraced within such
descriptive phrase. Scarcely anybody can be conceived to
have a deeper concern in the appointment of a guardian
with custody of the person of a spendthrift than a spouse.
See *Modlich* v. *Jennings*, 244 Mass. 183, 184.

Hardly any term in the language in its strict common
law signification connotes more emphatically consanguinity
or relationship by blood than the word "heirs." *State
Street Trust Co.* v. *Sampson*, 228 Mass. 411, 412. It im-
ports the person upon whom "the law casts an estate of
inheritance immediately on the death of the owner," yet
it may "include relatives or connections by affinity as
well as relatives by consanguinity." *Lavery* v. *Egan*, 143
Mass. 389, 392. After the enactment of St. 1880, c. 211,
§ 1, now G. L. (Ter. Ed.) c. 190, §§ 1, 3, providing that a
surviving husband or wife should in stated circumstances
take in fee real estate of a deceased spouse to a specified
amount, it was held that such surviving husband or wife
was heir of the deceased spouse and as such inherited real
estate. *Lavery* v. *Egan*, 143 Mass. 389. *Lincoln* v. *Perry*,
149 Mass. 368. This rule of interpretation has been con-
sistently followed. *Olney* v. *Lovering*, 167 Mass. 446, 448.
*Holmes* v. *Holmes*, 194 Mass. 552, 559. *Sherburne* v. *How-
land*, 239 Mass. 439, 442. *Yerxa* v. *Youngman*, 241 Mass.
251, 254. *Abbott* v. *Williams*, 268 Mass. 275, 285. *Gilman*
v. *Congregational Home Missionary Society*, 276 Mass. 580,
583, and cases cited.

In common speech the word "relative" is used in a
sense broad enough to include husband and wife. Under
a statute in existence prior to the first enactment of the
statute here to be construed, a surviving husband or wife
was held to be the heir of a deceased spouse. It cannot be
thought that commonly any other relative has more vital
interest than a wife in the appointment of a guardian for
her spendthrift husband. It seems hardly consonant with

legislative wisdom in enacting statutes as to domestic relations to exclude a wife from those entitled to petition for the guardianship of a spendthrift husband.

Therefore, we are of the opinion that in the case at bar the respondent rightly described herself in the original petition as a relative of her husband.

This conclusion is in harmony with *Schutte* v. *Douglass,* 90 Conn. 529, 534, where the word "relatives" in a similar statute was given a wide meaning. See also *Wapello County* v. *Eikelberg,* 140 Iowa, 736; *Bennett* v. *Van Riper,* 2 Dick. (N. J.) 563, 565;. *Lewis* v. *Mynatt,* 105 Tenn. 508. *Insane Hospital* v. *Belgrade,* 35 Maine, 497.

Since the petitioner in the present case cannot prevail, there is no objection to stating the grounds of substantive law leading to that result without considering whether she may be barred on procedural or other grounds. *Commonwealth* v. *McNary,* 246 Mass. 46, 48.

*Petition dismissed.*