JOHN J. SULLIVAN *vs.* THEODORE V. QUINLIVAN.
PATRICK J. SULLIVAN *vs.* SAME.

Hampden.    December 4, 1940. — February 24, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Conservator*, Discharge.  *Evidence*, Presumptions and burden of proof.

A ward, to maintain a petition under G. L. (Ter. Ed.) c. 201, § 18, for discharge of a conservator, must sustain the burden of proving his present capacity properly to care for his property and is not aided by any presumption of present capacity.

Where facts, found by a judge of probate without a report of evidence at the hearing of a petition by an elderly man to be relieved from conservatorship which he himself had sought, were consistent with either his present capacity or his present incapacity but did not include a conclusion of present capacity nor require the drawing of such an inference, a decree denying the petition was affirmed.

Two PETITIONS, filed in the Probate Court for the county of Hampden on July 17, 1939.

The petitioners appealed from decrees by *Denison, J.*

*J. Derham,* (*I. H. Hurowitz* with him,) for the petitioners.

No argument nor brief for the respondent.

QUA, J.    The petitioners are brothers.  Each petitioner alleges that on December 1, 1936, he was adjudged incapacitated by reason of advanced age to care properly for his property; that the respondent was appointed his conservator (see G. L. [Ter. Ed.] c. 201, § 16); that the petitioner believes that he is now capable of managing his own estate; and that the conservatorship is no longer necessary. Each prays that the conservator be discharged.  The judge of probate dismissed the petitions.

The evidence is not reported. In the case of John J. Sullivan the judge made the following findings of fact:

"For the third time, since at his request, a conservator was appointed of his property in December, 1936, John J. Sullivan, the petitioner, who is 61, petitions that his conservator may be discharged. He is unmarried, lives with his brother, his habits are good, his schooling was slight, his life has been that of a laborer in railroad shops, he has little general knowledge and since he inherited some $34,000 four years ago and his property was put in charge of a conservator, he has lived comfortably, no longer working, doing the marketing while his brother kept house. His allowance from the conservator has been $200 a month, as has his brother's and the hearing disclosed that they had been able to put in a savings bank about $4,000. His grievance is that he cannot do as he will with his money, that it is a stigma upon him to have a conservator, and that the expense of the conservator and his bond is wasteful.

"The only testimony offered was that of two physicians whose qualifications were admitted, one of whom had talked with the petitioner in July, 1939, and the other in July, 1940, each of whom said the petitioner is competent to manage his own affairs.

"I called the petitioner to the stand, questioned him at length as to his history, experience, his knowledge about his affairs as shown in the accounts of his conservator and generally."

In the case of Patrick J. Sullivan the judge made precisely the same findings of fact, except that the petitioner was sixty-nine years of age, had a "bad leg" and was in poor health, was a widower with one child, who was not notified of the petition, had been a laborer "who greased switches and curves for a street railway," and did "the cooking and housekeeping for himself and his brother."

The records leave some doubt as to whether, within the time allowed by G. L. (Ter. Ed.) c. 215, § 11, the petitioners properly requested the judge to report "the material facts found by him." We assume, however, that the findings were made in response to sufficient requests. This assump-

tion construes the records more favorably to the petitioners, since if the findings are thus treated as a report of the material facts under the statute they must be deemed to include all facts upon which the judge acted in dismissing the petitions and leave no room for any further findings adverse to the petitioners to be implied from the decree. *Topor* v. *Topor*, 287 Mass. 473, 476. *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 562. *Thaxter* v. *Traiser*, 305 Mass. 341, 342.

The question to be decided is whether, solely upon the findings stated by the judge, the petitioners were entitled to have the conservatorships discharged. There is no finding upon the vital issue of the petitioners' present capacity "to properly care for . . . [their] property." G. L. (Ter. Ed.) c. 201, § 16. There is no finding that the judge believed the testimony of the physicians to whom he refers, or that the petitioners' condition at the time of the hearing was the same as when the physicians talked with them. We do not know to what extent the physicians' testimony may have been weakened or negatived by evidence elicited by the judge's examination of the petitioners. The petitioners could have had the entire evidence reported. G. L. (Ter. Ed.) c. 215, § 12; c. 214, § 24. They will still have this right upon any subsequent petitions. There is nothing now before us from which we can reasonably make further findings or draw inferences upon the point at issue. We cannot safely infer full capacity to manage their affairs from the fact that the petitioners have put money in a savings bank or from any other facts found. The findings are consistent either with capacity or incapacity at the present time. These findings alone would not support the appointment of a conservator in the first instance. But the petitioners are already under conservatorships as the result of a decree in December, 1936, presumably entered upon adequate evidence. The result of these appeals must therefore depend upon whether a person who seeks to be freed from a conservatorship must show affirmatively that he is then in fact competent to manage his property or must be assumed to be competent until again proved incompetent.

We are satisfied that the burden of proving his present

right to be released from protection rests upon each petitioner without the aid of any presumption of present capacity. By G. L. (Ter. Ed.) c. 201, § 18, it is provided that a conservator "may be discharged by the probate court upon the application of the ward, or otherwise, when it appears that the conservatorship is no longer necessary." Similar language appears in § 13 relative to the termination of guardianships. This implies the requirement of proof "that the conservatorship is no longer necessary." One who brings a proceeding seeking relief under a statute commonly must prove himself within its terms. *New Bedford* v. *Hingham,* 117 Mass. 445, 447. *Tileston* v. *Brookline,* 134 Mass. 438, 439. *King's Case,* 220 Mass. 290, 293. The original appointments affected the status of the petitioners. *Clifford* v. *Taylor,* 204 Mass. 358, 360. *Chase* v. *Chase,* 216 Mass. 394, 396. The fact of incapacity which presumably justified the imposition upon them of the status of wards is a fact likely to continue to exist. When they ask for a change of that status it is reasonable to require them to prove that their present condition is not such as to demand its longer continuance. Otherwise a ward could impose upon those trying to protect him, and ultimately upon his own estate, the burden of making plenary proof of his incapacity anew as often as he saw fit to file a petition. The language of our own decisions is consistent with the theory that the burden of proving his capacity rests upon the petitioning ward. *M'Donald* v. *Morton,* 1 Mass. 543, 548. *Leonard* v. *Leonard,* 14 Pick. 280, 283. *Chase* v. *Chase,* 216 Mass. 394. *Modlich* v. *Jennings,* 244 Mass. 183. Cases in other jurisdictions expressly so decide. *Pope* v. *Bolin,* 224 Ala. 322, 324. *Shafer* v. *Shafer,* 181 Ind. 244, 251. *Perry* v. *Roberts,* 206 Iowa, 303, 307. *State* v. *Skinker,* 344 Mo. 359, 367–368. *Matter of Ireland,* 246 App. Div. (N. Y.) 113.

In each case the entry must be

*Decree affirmed.*