*Northern District*

No. 7570

## NUNZIO J. CELATA

v.

## CARL P. LARCOM & CITY OF BEVERLY

Argued: June 3, 1971 - Decided: July 21, 1971

*Present:* Parker, P.J., Cowdrey, Mason, JJ.
Case tried to Mayo, J. in the District Court of Southern Essex No. 1723 of 1970.

**Parker, P.J.** *This case comes before us on a demurrer* by the defendant to Count Two and Count Four of the plaintiff's declaration. These counts are for personal injuries and property damages to the plaintiff resulting from an automobile accident. Count Two alleges that on 10 March 1970 at about 2:30 p.m. plaintiff was operating a motor vehicle on Washington Street, a public way, in the City of Beverly and a motor vehicle negligently operated by the defendant, City of Beverly, by its servants, etc., collided with the motor vehicle operated by the plaintiff causing him personal injuries. Count Four alleges that on the same date, place and time the plaintiff had title to an automobile which was run into by a motor vehicle which was negligently operated by the defendant, City of Beverly, its agents etc. causing plaintiff property damage.

The defendant demurred on the ground that

the declaration does not allege facts constituting a cause of action for a breach of contract or actionable tort.

After hearing the court sustained the demurrer and the plaintiff claimed a report on the court's action.

A municipality in the absence of a special statute imposing liability is not liable for the negligence of its officers and agents in the performance of strictly public functions imposed or permitted by the legislature from which the city derives no special corporate advantage, pecuniary profit nor enforced contribution from individuals particularly benefited thereby. The plaintiff must show that the defendant city is liable for the conduct of the driver of the car. The burden is on the plaintiff to show that the driver of the defendant's car was not so engaged at the time of the accident in order to recover against the city. *Orlando* v. *Brockton,* 295 Mass. 205, 207, 208.

Counts Two and Four of the plaintiff's declaration contained no such allegation.

The plaintiff in his brief claims that the issue is the liability of a city for the negligence of its agents arising out of use of a motor vehicle on a public way when the vehicle is engaged in a public function and not as a business enterprise. The plaintiff's argument is that because of G.L. c. 41, § 100A; G.L.c. 40, § 5(1); G.L.c. 260, § 4; G.L.c. 90, § 34A and G.L. c. 90, § 1A, this immunity of a city no longer exists.

Statutes may not be extended by construction or enlargement beyond their fair import. The argument of hardship or unintentional omission is not enough. If the omission was intentional no court can supply it. If the omission was due to inadvertence, an attempt to supply it by including the omitted part would be tantamount to adding to a statute a meaning not intended by the legislature. *Mitchell* v. *Mitchell,* 312 Mass. 154, 161.

The cardinal rule for the interpretation of a statute is to ascertain the intent of the legislative body enacting it from its several parts and all its words construed according to the common and approved usage of the language, unless, words of technical and precise meaning are employed, considered in connection with the cause of its enactment, the subject matter, the preexisting law, the mischief to be remedied, and the object to be accomplished, to the end that it be given effect in harmony with common sense and general welfare. *Dexter* v. *Dexter,* 283 Mass. 327, 330.

G.L.c.41, § 100A is permissive and under it a city may, after an appropriation has been made, indemnify an officer or employee thereof for expenses or damages incurred by his defence or settlement of a claim against him — or for damage to property arising out of the operation of a motor vehicle. This statute is far from permitting a suit against the city. It simply allows a city to indemnify the employee who

settles, or is found liable for damages resulting from the operation of a motor vehicle owned by the city. Further it limits the amount of the indemnity which the city may pay. This statute in no way allows a recovery against the city regardless of whether the motor vehicle was being used in a public function.

G.L.c. 40, § 5(1) is like G.L.c. 41, § 100A in that it provides that "A town may at any town meeting appropriate money for the exercise of any of its corporate powers including the following purposes: (1) to pay . . . a proper charge for effecting insurance providing indemnity for or protection to any officer or employee of the town . . . against loss by reason of his liability to pay damage to others for bodily injuries . . . ."

Both these statutes are permissive and provide for the protection of employees of the town. They do not in any way expand the liability of a city for the acts of its employees.

G.L.c. 260, § 4 is a Statute of Limitations which simply limits the time in which an action may be brought against employees of a city arising out of the operation of a motor vehicle owned by the city. There can be such actions against such employees under the present law if such employee is operating such a car on business of the city which is not public.

A statute which establishes a time limit for actions against employees of a city cannot be

said to take away the immunity from suits for negligence of its agents when performing a public duty.

G.L.c. 90, § 34A and § 1A does require an employee of a city to be insured under the provisions of G.L.c. 90. But this would be proper since an employee of the city would be liable for damages for his negligence even if the city was not and the plaintiff in his declaration has brought suit against the defendant Larcom "an employee and agent of the defendant, City of Beverly". These statutory provisions of insurance provide a plaintiff with an additional protection, they do not in any way extend liability of the defendant city.

The statute relied on by the plaintiff fails to disclose any intention by the General Court that the immunity of a city for negligent acts of its employee when engaged in performing a public service has been changed.

**There was no error in sustaining the defendant's demurrer and the report will be dismissed.**

SUMNER H. SMITH
for the plaintiff.

RALPH J. EDELSTEIN
for the defendant.