AETNA LIFE INSURANCE COMPANY *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION

(and three companion cases between the same parties).

Suffolk.  November 5, 1948. — February 4, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Taxation,* Appellate Tax Board: jurisdiction; Insurance company; Commissioner of corporations and taxation.  *Waiver. Evidence,* Presumptions and burden of proof.

The Appellate Tax Board had no jurisdiction to entertain an application by an insurance company for a hearing under G. L. (Ter. Ed.) c. 63, § 28, as appearing in St. 1945, c. 342, on the correction of an excise assessed against it by the commissioner of corporations and taxation under G. L. (Ter. Ed.) c. 63, § 20, as amended, where the original application to the commissioner for correction was not upon a form approved by him as required by G. L. (Ter. Ed.) c. 63, § 71B, inserted by St. 1937, c. 135, § 3.

The commissioner of corporations and taxation cannot waive the jurisdictional requirement of G. L. (Ter. Ed.) c. 63, § 71B, inserted by St. 1937, c. 135, § 3, that an application to him by an insurance com-

pany for correction of an excise under G. L. (Ter. Ed.) c. 63, § 28, as appearing in St. 1945, c. 342, be on a form approved by him.

In the absence of any evidence either that the commissioner of corporations and taxation had or that he had not performed his official duty of approving a form of application for correction of an excise assessed against an insurance company, use of which was required by G. L. (Ter. Ed.) c. 63, § 71B, inserted by St. 1937, c. 135, § 3, it must be presumed that he had performed such duty.

APPEALS from decisions by the Appellate Tax Board.

*R. Wait,* for the taxpayer.

*R. W. Cutler, Jr.,* Assistant Attorney General, for the Commissioner of Corporations and Taxation.

QUA, C.J.    These four cases all arise out of attempts by the Aetna Life Insurance Company to correct in accordance with the last paragraph of G. L. (Ter. Ed.) c. 63, § 28, as appearing in St. 1945, c. 342, excise taxes assessed against it by the commissioner for the respective years 1944 to 1947, inclusive, under authority of G. L. (Ter. Ed.) c. 63, § 20, as appearing in St. 1943, c. 531, § 1, and as qualified by St. 1943, c. 531, §§ 2 and 3.[1]

The commissioner failed to act upon the company's original application for correction, which referred to all the years, and refused to act upon later and more formal applications for each year separately, which, however, were filed after the time allowed by c. 63, § 28, as appearing in St. 1945, c. 342, and so cannot be considered. As to each year the company then applied to the Appellate Tax Board for a hearing under the last paragraph of G. L. (Ter. Ed.) c. 63, § 28, as appearing in St. 1945, c. 342. And see also G. L. (Ter. Ed.) c. 58A, § 6, as appearing in St. 1945, c. 621, § 1. In each case the board dismissed the application to it for lack of jurisdiction and entered a decision for the commissioner for the reason that the original application to the commissioner for correction of the excises, being the only application made to him within the time allowed by the last paragraph of G. L. (Ter. Ed.) c. 63, § 28, as appearing in St. 1945, c. 342, was not upon a form approved by him, as required by G. L. (Ter. Ed.) c. 63, § 71B, inserted by St. 1937, c. 135, § 3. In each case the company appealed

---

[1] See now St. 1948, c. 587, §§ 1, 2.

to this court. G. L. (Ter. Ed.) c. 58A, § 13, as most recently amended by St. 1939, c. 366, § 1.

It appears from findings of the board that 'the original application by the company to the commissioner consisted of a letter referring to the assessments for all four years and requesting him to withdraw his notices of assessment. This letter was not upon a form approved by the commissioner, and was not itself approved by him as to form. General Laws (Ter. Ed.) c. 63, § 71B, as inserted by St. 1937, c. 135, § 3, reads as follows: "Applications for abatement or correction of taxes, made pursuant to any provision of this chapter, shall be in writing upon forms approved by the commissioner." See also G. L. (Ter. Ed.) c. 58, § 31, added by St. 1937, c. 135, § 1, which provides that in addition to the forms expressly required by any other provision of law to be as prescribed or approved by the commissioner, such other forms as may be deemed by him to be necessary or convenient for use under any provision of cc. 59 to 65A, inclusive, shall be as prescribed or approved by him; provided that variance from a form so prescribed or approved shall not affect the validity of the form so used, if the form used is in substantial conformity to that so prescribed or approved, and the commissioner shall, upon written request, approve said form for the particular use intended. There is nothing to bring these cases within this last mentioned section. The principal question in the cases, therefore, is whether the requirement of c. 63, § 71B, that the original application to the commissioner be on a form approved by him was jurisdictional, as the board ruled it was.

· This question is practically answered in the affirmative by the carefully considered opinion in *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489. It was there held that under the provision of G. L. (Ter. Ed.) c. 59, § 59, as appearing in St. 1933, c. 266, § 1,[1] reading, "A person aggrieved by the taxes assessed upon him may . . . apply in writing to the assessors, on a form approved by the commissioner, for an abatement thereof . . .," the use of an approved form was a jurisdictional prerequisite to any

---

[1] See now St. 1946, c. 199, § 1.

valid action by the assessors in the first instance or later by the then Board of Tax Appeals. In that opinion this court said, "Since the remedy by abatement is created by statute the board of tax appeals has no jurisdiction to entertain proceedings for relief by abatement begun at a later time or prosecuted in a different manner than is prescribed by the statute" (295 Mass. at page 492), and again, "A limited grant of power to abate a tax is no less effective to exclude from the jurisdiction of the assessors and appellate tribunals a case not within the terms of the grant than is a positive prohibition against abatement such, for example, as is applicable where a list required by statute has not been brought in" (295 Mass. at page 493), and again, referring to the enactment of St. 1933, c. 266, § 1, prescribing the form of application to assessors for abatement, this court said, "Apparently the change was for the purpose of correcting what the Legislature deemed to be a mischief in the less formal procedure previously prescribed. It is not for us to decide whether such change was advisable. Full effect must be given thereto. There is nothing in the statute to indicate that the new provision in respect to the form of applications for abatements is merely directory and not mandatory or that an application in the prescribed form is not as clearly a prerequisite to jurisdiction to abate a tax as was a seasonable application in some form prior to the amendment of the statute by St. 1933, c. 266, § 1" (295 Mass. at pages 493–494).

We see no reason for distinguishing the present cases from that case on the ground that here the original application was made to the commissioner and not to local assessors, or on the ground that these cases deal with "correction" rather than "abatement," or on the ground of the absence of an express provision for a hearing before the commissioner, or on any other ground urged by the company. The requirement of application upon an approved form added to c. 63 as § 71B by St. 1937, c. 135, § 3, is certainly no less mandatory in form than is the similar requirement introduced into c. 59, § 59, by St. 1933, c. 266, § 1, which was construed in the case of the Suffolk Law School.

· The Legislature has given no indication that our interpretation of the act of 1933 in the *Suffolk Law School* case was not in accordance with its intention. On the contrary, within five months after that decision it added § 71B to c. 63 in terms at least as strong as those of the act of 1933. The *Suffolk Law School* case has been cited on the point here involved with apparent approval in *Choate* v. *Assessors of Boston*, 304 Mass. 298, 302, *Old Colony Railroad* v. *Assessors of Quincy*, 305 Mass. 509, 512, *Old Colony Railroad* v. *Assessors of Boston*, 309 Mass. 439, 441, *Assessors of Brookline* v. *Prudential Ins. Co.* 310 Mass. 300, 303, 304, 307, 313, 315, *Assessors of Boston* v. *Neal*, 311 Mass. 192, 193, *Boston Five Cents Savings Bank* v. *Assessors of Boston*, 311 Mass. 415, 416, *Mitchell* v. *Mitchell*, 312 Mass. 154, 162, *Boston Five Cents Savings Bank* v. *Assessors of Boston*, 313 Mass. 762, 770, *Boston* v. *Barry*, 315 Mass. 572, 579, *Tracht* v. *County Commissioners of Worcester*, 318 Mass. 681, 686, *Jacob's Pillow Dance Festival, Inc.* v. *Assessors of Becket*, 320 Mass. 311, 314, *Commissioner of Corporations & Taxation* v. *St. Botolph Club, Inc.* 321 Mass. 269, 279, and *E. B. Horn Co.* v. *Assessors of Boston*, 321 Mass. 579, 582. We are not disposed to question it now.

Since the requirement that the application be on an approved form is jurisdictional, the commissioner cannot waive it. *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489, 494, 497. *Old Colony Railroad* v. *Assessors of Quincy*, 305 Mass. 509, 512.

The company argues that there is no evidence that the commissioner had approved any form of application for corrections such as are here involved. We assume that there was no such evidence, although the record leaves some doubt as to whether a statement of the commissioner on this point was not accepted in lieu of evidence. Under c. 63, § 71B, it was plainly his official duty to have an approved form available. There was no evidence that he had not performed this duty. It will therefore now be presumed that he had performed it. *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489, 498.

· In our opinion the board was right. We come to this con-

clusion with less regret because each notice of assessment sent by the commissioner to the company plainly stated that any application for correction must be made in writing upon an approved form to the commissioner within sixty days from the date of the notice.

In each case the appeal from the denial by the commissioner of the company's application to correct the tax is dismissed.

*So ordered.*