MEMORANDUM OPINION
{¶ 1} On May 30, 2003, appellants, Nick Miller, Chadwick D. Miller, and Lisa Miller, filed a notice of appeal from a May 2, 2003 judgment of the Portage County Court of Common Pleas, Domestic Relations Division. In that judgment, the trial court held that an antenuptial agreement, that had been executed by the parties in 1995, was null and void because it did not place values on certain farm equipment or property, and because it appeared that appellee, Dawn Miller, did not have meaningful opportunity to seek independent counsel.
 {¶ 2} On September 26, 2003, this court issued a judgment entry in which appellants were given fifteen days to show cause why this appeal should not be dismissed for lack of a final appealable order. Appellants filed timely responses.
 {¶ 3} Upon consideration of the record and memoranda before this court, we conclude that the judgment being appealed is not a final appealable order. The general rule is that, in a divorce case, a final appealable order does not exist until all issues relating to property division, support, and parental rights and responsibilities have been addressed. Civ.R. 75(F). None of those issues have been addressed in the instant cause.
 {¶ 4} Appellants argue that the judgment finding the antenuptial agreement to be void is, in fact, a final appealable order pursuant to R.C. 2505.02(B)(2). Specifically, they claim that the trial court's decision affects a substantial right and was made in a special proceeding. While we agree that divorce is a special proceeding, see Stateex rel. Papp v. James (1994), 69 Ohio St.3d 373, 379, we are unable to conclude that the judgment affected a substantial right.
 {¶ 5} The Supreme Court of Ohio has held that "[a]n order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60, 63. See, also, this court's decision in Buck v. Buck (1995), 103 Ohio App.3d 505,507. In the present case, appellants cannot demonstrate that future relief would be foreclosed if they were not able to appeal immediately. Appellants, if they choose, can always appeal the final divorce decree of the trial court and claim that it was error to declare the antenuptial agreement null and void.
 {¶ 6} The mere fact that the trial court discarded the antenuptial agreement does not preclude the possibility that the trial court may eventually reach a conclusion consistent with the terms of that agreement. The trial court indicated as much when it stated "once all values are established, the Judgment of the Court is not mandated to be different from the terms of the original Antenuptial Agreement." Thus, if the trial court reaches a decision that is inconsistent with the terms of the antenuptial agreement, appellants can always appeal that decision at that time.
 {¶ 7} Based upon the foregoing analysis, this appeal is hereby, sua sponte, dismissed for lack of a final appealable order.
 {¶ 8} The appeal is dismissed.
Appeal dismissed.
Judith A. Christley and William M. O'Neill, JJ., concur.