[Cite as *Seymour v. Seymour*, 2023-Ohio-4408.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STEPHENIE K. SEYMOUR AKA
STARKEY,

    Plaintiff-Appellee,

    v.

GREG L. SEYMOUR,

    Defendant-Appellant.

:
:
:
:
:
:
:
:
:
:
:
:

Case No. 22CA24

DECISION AND JUDGMENT
ENTRY

**RELEASED: 12/01/2023**

---

APPEARANCES:

Michele R. Rout, Chillicothe, Ohio, for Appellant.

Steven K. Sesser, Chillicothe, Ohio, for Appellee.

---

Wilkin, J.

**{¶1}** Defendant-appellant, Greg Seymour ("husband"), appeals a Ross County Court of Common Pleas June 24, 2022 "Nunc Pro Tunc Judgment Entry Decree of Divorce." This entry attempted to "correct" a prior June 2, 2020 entry that was issued by the same court. Because a proper nunc pro tunc entry is not subject to appeal and because husband never timely appealed the underlying June 2, 2020 entry, we dismiss his appeal for lack of jurisdiction.

**{¶2}** On November 28, 2018, plaintiff-appellee, Stephenie K. Seymour aka Starkey ("wife") filed a complaint seeking a divorce from her husband. Wife sought a divorce, temporary custody of the minor children, possession of the marital home, a restraining order, fair and equitable distribution of the marital

assets and debts, and other equitable relief.  Husband filed an answer to wife's complaint on December 5, 2018.

{¶3} The case was tried before a magistrate on October 22, 2019.  On December 5, 2019, the magistrate issued a decision that among other issues found the parties had two minor children, that wife had lived in Ohio for at least 6 months and had been a resident of Ross County at least 90 days prior to her filing the complaint for divorce.  The decision made the following recommendations: (1) grant the divorce, (2) grant wife parental rights and responsibilities for the children and designate her to be the residential parent, (3) grant husband parenting time pursuant to a schedule, (4) order husband to pay wife $636.45 per month for child support and $35.41 per month for cash medical support, (5) find husband in contempt because he is in arrears for temporary child support, (6) require wife to continue to maintain private health insurance on the minor children, (7) award wife the right to claim both children as dependents for income tax purposes, and (8) award each party the property in their possession subject to certain exceptions.  Paragraphs 9 through 25 of the decision recommended that spousal support was not appropriate as well as recommended the division of various assets, debts and tax obligations between the parties.

{¶4} On December 18, 2019, husband filed the following objections to the magistrate's decision: (a) the magistrate failed to account for the amount of arrears in paragraph 5 of his recommendation, (b) the magistrate failed to note that both parties have health insurance for the children so cash medical support

is inapplicable, (c) the magistrate failed to award other guns that husband testified about, including a Ruger LCP pistol, a Tanfoglio 9 mm, and 2 20-guage shotguns, as well as $3,000 worth of ammunition, (d) the magistrate's reference in paragraph 14 to $1,000 having been removed from the parties' account was in fact $2,700.00 that wife removed from the account so the math for paragraph 14 needs to be recalculated and also add $3,257.00 from the Atomic Employees Credit Union, (e) the $2,100 commission referenced in paragraph 16 was not marital property, but was income to wife, (f) regarding paragraph 23 of the decision, counsel for both parties made a mutual mistake in failing to disclose the Atomic Credit Union account, which was decimated by wife, and (g) regarding paragraph 8 of the decision, husband did not have an opportunity to retrieve any [sic.] marital household goods and furnishings, which had been removed by wife.

{¶5}, After an "independent review of the objected matters[,]" the trial court issued a "Journal Entry" on June 2, 2020 that found the magistrate had "properly determined the factual issues and appropriately applied the law." Thus, the court overruled husband's objections and adopted the magistrate's decision as an order of the trial court. The entry restated many of the magistrate's findings, such as granting the divorce, granting wife parental rights and responsibilities and making her the residential parent for the children, granting husband parenting time pursuant to a schedule. It also allocated the property, debt, etc., consistent with the magistrate's recommendations. Finally, the entry ordered court costs to be split by the parties, was signed by the judge, and contained

language directing the clerk of court's to serve a copy of the entry on the parties. There is no allegation by either party that they did not receive a copy of the entry.

{¶6} On July 6, 2020 an "agreed magistrate's entry" was filed that altered only the parenting plan. The entry provided that "[t]he parties waive the statutory fourteen (14) day period to object to this magistrate's decision and consent to the filing of the judgment entry herein instanter." Aside from wife hiring new counsel, little else occurred in the case for months.

{¶7} On April 5, 2021, the wife filed a motion that asserted:

> Now comes [wife], by and through counsel, and respectfully requests this matter be set for a status conference with the court, counsel and parties. It appears from the court docket that this matter was inadvertently closed by the clerk of courts on July 6, 2020. The court issued a journal entry in this matter on June 2, 2020 after the court had an opportunity to review the magistrate's findings of facts and conclusions of law from the final hearing that was conducted in October 2019. Accordingly, it appears that no final divorce decree has been filed by the court. Additionally, it appears that counsel for the respective parties may have some more specific issues that require direction from the court.
>
> Accordingly, [wife] requests a status conference in this matter so a final entry can be put on the record. [100]

In response, the husband maintained:

> This case has languished for some period of time. This matter came before the magistrate for a final hearing on October of 2019. A final journal entry was issued by Judge Ater on June 2, 2020, however the parties never entered a final divorce decree. Accordingly, [husband] requests that [wife's] motion be denied until a final decree of divorce can be placed in the record. Counsel for [husband] is also filing contemporaneously with this response, a separate motion requesting a status conference of the attorneys to

meet with the court regarding the issues so that the final decree may be put on the record.

{¶8} On June 24, 2022, the trial court issued a "nunc pro tunc judgment entry of decree of divorce." In part, it states that although the *June 2, 2020 judgment* was "styled 'Journal Entry,' it appears that this *was a final Decree of Divorce.*" (Emphasis added.) The entry goes on to state that it "corrects some language inadvertently left out from the Magistrate's Decision dated December 5, 2019." (Emphasis added.) It is this June 24, 2022 nunc pro tunc entry that is on appeal to this court.

## ASSIGNMENTS OF ERROR

I. THE TRIAL COURT DID NOT ISSUE A FINAL DECREE OF DIVORCE AND ALTHOUGH THE NUNC PRO TUNC THAT WAS ISSUED DID FINALLY ADD THE NOTICE OF FINAL APPEALABLE ORDER, THE ORDER STILL FAILS TO PUT FOURTH (SIC.) THE JURISDICTIONAL REQUIRMENTS OF RESIDENCY, SERVICE, AND NOTICE OF THE HEARING

II. THE TRIAL COURT ERRED WHEN IT OVERRULED THE OBJECTIONS OF THE DEFENDANT/APPELLANT AND FULLY ADOPTED THE MAGISTRATE'S DECISION WHICH FAILED TO SET FORTH FACTORS TO SUPPORT SAID RULING AND SAID RULING WAS CONTARY TO THE TESTIMONY PROVIDED AND THEREFORE WAS ARBITRARY AND UNREASONABLE

III. THE TRIAL COURT ERRED WHEN IT FAILED TO INTEGRATE SUBSEQUENT RULINGS OF THE COURT INTO THE NUNC PRO TUNC ENTRY

## Assignment of Error I

{¶9} In his first assignment of error, husband makes three separate arguments. First, he maintains that the June 2, 2022 journal entry overruling his objections to the magistrate's decision "was not a final appealable order and did

not provide proper notice that it was a final appealable order."[1]  Second, he

claims that both the June 2, 2020 entry and the June 24, 2022 nunc pro tunc

entry fail to set forth the jurisdictional requirements of residence, service, and

notice of hearing.  Finally, husband alleges that the June 2, 2020 entry did not

resolve all the issues that were before the court because it ordered counsel to

obtain information to determine the amount of the reduction on a mortgage.

{¶10} In response, wife maintains that residency, service, and notice of

the hearing were litigated during the trial and therefore properly established.  She

goes on to state that if this court finds that the June 2, 2020 entry is not a "proper

final entry" then the terms relating to jurisdiction requirements of residency,

service and notice of the hearing may be properly added to a final judgment

decree of divorce if necessary.

A. The June 2, 2020 "Journal Entry"

1. Law

{¶11} Section 3(B)(2), Article IV of the Ohio Constitution states that

"[c]ourts of appeals shall have such jurisdiction as may be provided by law to

review and affirm, modify, or reverse judgments or final orders of the courts of

record inferior to the court of appeals within the district[.]"  "If an order is not final

and appealable, then an appellate court has no jurisdiction to review the matter

and must dismiss the appeal."  *Robinson v. Robinson*, 2017-Ohio-450, 84 N.E.2d

---

[1] The husband references a June 2, 2022 entry.  However, there is no June 2, 2022 entry in this case.  We presume that husband was intending to reference the June 2, 2020 entry.  Therefore, herein after if husband refers to the June 2, 2022 entry we will correct the date to be 2020.

68, ¶ 4 (4th Dist.), citing *Lisath v. Cochran*, 4th Dist. Lawrence No. 92CA25, 1993

WL 120627 (Apr. 15, 1993).

{**¶12**} R.C. 2505.02 sets out the test to determine when a court order is

legally final and appealable.  In part R.C. 2505.02(B) states that

> [a]n order is a final order that may be reviewed * * * when it is one
> of the following:
> (1) An order that affects a substantial right in an action that in
> effect determines the action and prevents a judgment[.]

The Second District Court of Appeals recently stated that:

> [t]ypically, in a divorce case, the decree of divorce is the first
> (although not the only) final order entered in the case. *The
> decree is final under R.C. 2505.02(B)(1) because it determines the
> divorce action, i.e., because it resolves the claim(s) for divorce,
> divides property, determines the appropriateness of spousal support,
> and where applicable, allocates parental rights and responsibilities,
> including child support. See Wilson v. Wilson*, 116 Ohio St.3d 268,
> 2007-Ohio-6056, 878 N.E.2d 16, ¶ 8-16, 19.  (Emphasis added.)

*Quesinberry v. Quesinberry*, 2021-Ohio-4680, 185 N.E.3d 1136, ¶ 13 (2d Dist.),
appeal not allowed, 167 Ohio St. 3d 1467, 2022-Ohio-2490, 191 N.E.3d 437, ¶
13, reconsideration denied, 2022-Ohio-3322, 167 Ohio St. 3d 1529, 195 N.E.3d
171, ¶ 13.  *See also Bibbee v. Bibbee*, 4th Dist. Athens No. 15CA38, 2016-Ohio-
5188, ¶ 22, quoting *Wilson* at ¶ 22 (Under Civ.R. 75 (F), a final judgment for
divorce " 'divides the parties' property, determines the appropriateness of an
order of spousal support, and allocates parental rights and responsibilities,
including the payment of child support[.]' "); *Miller v. Miller*, 11th Dist. Portage No.
2003-P-65, 2003-Ohio-6765, ¶ 3 ("The general rule is that, in a divorce case, a
final appealable order does not exist until all issues relating to property division,
support, and parental rights and responsibilities have been addressed. Civ.R.
75(F).").

2. Analysis

{**¶13**} Husband's first argument is that the June 2, 2020 entry "was not a

final appealable order and did not provide proper notice that it was a final

appealable order."  Yet, in response to his wife's April 5, 2020 motion in the trial

court, the husband acknowledged that a "*final journal entry* was issued by Judge

Ater on June 2, 2020, but maintained "the parties never entered a final divorce

decree."  (Emphasis added.)

{¶14} When a court issues a judgment entry that resolves all the pending

issues, the entry may state that it is a "final appealable order" or use similar

language.  *See e.g. Pack v. Pack*, 4th Dist. Lawrence No. 20CA4, 2021-Ohio-

2233, ¶ 3. (Recognizing that "the trial court therein issued an entry titled 'FINAL

APPEALABLE ORDER', i.e., a divorce decree[.]").  However, husband fails to

cite any authority that requires an entry to contain such language for it to legally

qualify as final and appealable, and we find no such authority in our independent

research.  While stating that an order or entry is "final" or labeling an entry as

being a "final divorce decree" may be the better practice, it is not required by law.

Rather, as we concluded supra, whether a court's order is final and appealable is

defined by the General Assembly in R.C. 2505.02.

{¶15} Similar to the decisions in *Quesinberry, Bibbee,* and *Miller* supra,

the trial court's June 2, 2020 journal entry herein is a final, appealable order

because it granted the divorce, divided the property and debt, determined

spousal support was not appropriate, ordered that the wife be designated the

residential parent, granted the husband parenting time pursuant to a standard

schedule, and ordered husband to pay child support.  In sum, it resolved all the

matters necessary to effectively finalize the divorce.

{¶16} Husband next claims that neither the June 2, 2020 entry, nor the

June 24, 2022 nunc pro tunc entry set forth the jurisdictional requirements of

residence, service, and notice of hearing.  Husband's brief has little detail, so it is unclear whether he is claiming that none of these three requirements were met, or whether none of the three requirements were referenced in those two entries. Therefore, we will address both questions.

{¶17} A review of the divorce transcript hearing and the magistrate's decision reveals that the parties complied with the 90-day residency requirement in Civ.R. 3(C)(9) having lived in Ross County, Ohio, for six months prior to the divorce being filed.  Any defect in service of wife's complaint would have been waived because husband answered the wife's complaint for divorce and has participated in the case ever since, thereby subjecting himself to the jurisdiction of the court.  *State ex rel. Athens Cty. Dep't of Job & Fam. Servs. v. Martin*, 4th Dist. Athens No. 07CA11, 2008-Ohio-1849, ¶ 14.  And finally, on August 2, 2019, the magistrate sent an entry notifying counsel for the parties that trial was scheduled for October 22, 2019, neither party moved to continue the trial, and husband attended the trial on that date, so any claim that he did not have notice of the date of the divorce trial was disingenuous.  Therefore, the requirements of residency, service, and notice of hearing were met.

{¶18} Additionally, in adopting a magistrate's decision, the trial court does not need to "parrot" the magistrate's findings in its decision.  *Motycka v. Motycka*, 3rd Dist. Van Wert No. 15-2000-03, 2000-Ohio-1896, *2.  Therefore, the trial court's failure to expressly refer to the issues of residency, service of the complaint, or notice of the divorce trial in its June 2, 2020 entry adopting the magistrate's decision was not erroneous.  Similarly, the trial court's failure to set

out those issues in its nunc pro tunc entry, which merely attempted to make the June 2, 2020 entry final, was also not erroneous.

{¶19} Finally, Husband argues that the June 2, 2020 entry was not final and appealable because it did *not* resolve every matter that was before the court. Specifically, husband maintains that the court ordered counsel to "seek out information and determine the amount of the reduction of the mortgage" for the 170 Plyley's Lane property.

{¶20} A review of the June 2, 2020 entry reveals that evidence of the value of the reduction of the mortgage on 170 Plyley's Lane property that occurred between September 21, 2002 and January 18, 2019 was not offered to the court. Consequently, the court "instructed [both] counsel to gather such information to arrive at the appropriate amount." Despite imposing this relatively ministerial task upon counsel, the court did fulfill its obligation to allocating *all* the marital property when it distributed one-half of the value of the reduced mortgage of the 170 Plyley's Lane property to the wife even though that value was to be determined. Therefore, we reject husband's argument that requiring counsel to ascertain the value of the reduced mortgage precluded the June 2, 2020 journal entry from being final and appealable.

{¶21} Accordingly, we find that the court's June 2, 2020 entry was final under R.C. 2505.02(B)(1) because it resolved wife's claim for divorce, divided all the property, determined the appropriateness of spousal support, and allocated parental rights and responsibilities, including child support. *See Quesinberry*, 2021-Ohio-4680, 185 N.E.3d 1136, ¶ 13 (2d Dist.).

## B. June 24, 2022 Nunc Pro Tunc Entry

### 1. Law

**{¶22}** "[C]ourts possess inherent common-law power to enter judgments or orders nunc pro tunc in proper cases." *Natl. Life Ins. Co. v. Kohn*, 133 Ohio St. 111, 113, 11 N.E.2d 1020 (1937). "A nunc pro tunc entry ' "speaks the truth" by correcting a judicial record that fails to show an order or a judgment of the court because the order or judgment was not recorded at all in the first instance.' " *Matter of H.S.*, 2017-Ohio-457, 84 N.E.3d 127, 144, ¶ 46 (4th Dist.), quoting *State v. Breedlove*, 46 Ohio App.3d 78, 81, 546 N.E.2d 420 (1st Dist.1988). " 'The function of a *nunc pro tunc* order is, essentially, clerical: it is to record officially an action or actions of a court actually taken but not duly recorded.' " (Italics sic.) *Id.* at ¶ 47, quoting *Breedlove* at 81. "A trial court may not use a nunc pro tunc entry to effect '[s]ubstantive changes in judgments, orders, or decrees.' " (Brackets sic.) *Id.* at ¶ 48, quoting *Nichols v. Nichols,* 2013-Ohio-3927, 997 N.E.2d 1262, ¶ 12 (10th Dist.), citing *Thurston v. Thurston,* 10th Dist. Franklin No. 02AP-555, 2002-Ohio-6746, 2002 WL 31750280.

**{¶23}** "A proper nunc pro tunc entry does not give rise to a new final order for purposes of appeal and by its very nature applies retrospectively to the judgment it corrects." *Stepp v. Starrett*, 4th Dist. Vinton No. 18CA714, 2019-Ohio-4707, ¶ 10, citing *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, syllabus. "Thus, proper nunc pro tunc decisions do not constitute final, appealable orders." *Matter of H.S.*, 2017-Ohio-457, 84 N.E.3d 127 at ¶ 49 (4th Dist.), citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16

N.E.3d 659, ¶ 31.  Finally, a "[nunc pro tunc] entry does not extend the time within which to file an appeal, as it relates back to the original judgment entry." *State v. Blankenship*, 4th Dist. Ross No. 13CA3364, 2013-Ohio-5261, ¶ 7, citing *State v. Yeaples,* 180 Ohio App.3d 720, 2009-Ohio-184, 907 N.E.2d 333, ¶ 15 (3rd Dist.).

## 2. Analysis

{¶24} We begin by recognizing the trial court's June 24, 2022 nunc pro tunc entry changes the caption of the June 2, 2020 entry from "Journal Entry" to "Judgment Entry Decree of Divorce."  Additionally, the last page of the nunc pro tunc entry includes the language: "Notice of final appealable orders copies of the forgoing Judgment Entry which may be a final appealable order were mailed to the counsel of record and/or the parties indicated below on the date indicated below by ordinary mail."  However, as we determined supra, merely including language in an entry with language that appears to indicate that it is final and appealable, while preferred, is *not* dispositive of whether the entry is in fact, final and appealable.  Rather, applying R.C. 2505.02, we determined that the June 2, 2020 entry was final and appealable when it was issued.  Thus, the June 24, 2022 nunc pro tunc entry has no practical affect on the June 2, 2020 entry, which was already final and appealable.

{¶25} As a nunc pro tunc entry, it did not extend the time to appeal the June 2, 2020 journal entry.  *Blankenship*, 4th Dist. Ross No. 13CA3364, 2013-Ohio-5261 at ¶ 7.  App.R. 4(A)(1) provides that "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by

App.R. 3 within 30 days of that entry."  Therefore, the 30-day window in which the June 2, 2020 entry could have been appealed has long been expired.

{¶26} Finally, as a nunc pro tunc entry, the June 24, 2022 entry is not a final appealable order.  *Matter of H.S.*, 2017-Ohio-457, 84 N.E.3d 127, ¶ 49 (4th Dist.).  Therefore, we have no jurisdiction to review it.

{¶27} Accordingly, because we have no jurisdiction to review the June 24, 2022 nunc pro tunc judgment and the appeal time for the June 2, 2020 final entry has expired, we dismiss husband's appeal for lack of jurisdiction.

### D. Second and Third Assignments of Error

{¶28} Because we lack jurisdiction to consider husband's appeal, it renders his second and third assignments of error moot. Therefore, we decline to address husband's second and third assignments of error.

### V. CONCLUSION

{¶29} Having found that we have no authority to review the judgment on appeal, we dismiss husband's appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

## JUDGMENT ENTRY

It is ordered that the APPEAL IS DISMISSED and the appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, P.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**